PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 11-2488

UNITED STATES OF AMERICA

v.

CLIFTON BARNEY, a/k/a Doodles

CLIFTON BARNEY,
Appellant

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-06-cr-00019-001)
District Judge:  Honorable Joseph H. Rodriguez

Submitted Under Third Circuit L.A.R. 34.1(a)
on February 7, 2012

Before: SLOVITER and VANASKIE, *Circuit Judges*, and
PADOVA, *Senior District Judge**

(Filed: March 6, 2012)

---

*Honorable John R. Padova, Senior Judge of the United
States District Court for the Eastern District of Pennsylvania,
sitting by designation.

Christopher O'Malley, Esq.
Julie A. McGrain, Esq.
Office of Federal Public Defender
800-840 Cooper Street
Suite 350
Camden, New Jersey 08102
        *Attorneys for Appellant*

Mark E. Coyne, Esq.
Joseph B. Shumofsky, Esq.
Paul J. Fishman, Esq.
Office of United States Attorney
970 Broad Street
Newark, New Jersey 07102-2535
        *Attorneys for Appellee*

_____

OPINION OF THE COURT
_____

PADOVA, *Senior District Judge*.

Appellant Clifton Barney appeals a May 26, 2011 District Court Order denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). He argues that the District Court erred in concluding that Amendment 706 to the Sentencing Guidelines, which reduced the base offense level for most cocaine base offenses, did not lower his "applicable guideline range" for purposes of resentencing under 18 U.S.C. § 3582(c)(2). We have jurisdiction over this appeal pursuant to 28 U.S.C. ç 1291 and 18 U.S.C. ç 3742(a). For the following reasons, we will affirm.

I.

On June 14, 2006, Appellant pled guilty to a single count of possession with intent to distribute more than five grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Using the March 27, 2006 edition of the Sentencing

Guidelines, the Probation Office determined that the drug quantity table in U.S.S.G. § 2D1.1(c) (the "Crack Cocaine Guidelines") produced a base offense level of 32. Appellant had 11 criminal history points, which ordinarily correspond to a criminal history category of V. However, Appellant qualified as a Career Offender under U.S.S.G. § 4B1.1 (the "Career Offender Guidelines") due to two prior felony convictions, one for aggravated assault and one for distribution of a controlled substance. As a result, Appellant's criminal history category became VI and his base offense level became a 34. *See* U.S.S.G. § 4B1.1(b). After a three level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, Appellant's total offense level was a 31, which, combined with Appellant's criminal history category of VI, resulted in an advisory Guideline range of 188-235 months.

Appellant moved, however, for a downward departure pursuant to U.S.S.G. § 4A1.3, arguing that the Guidelines overstated his criminal history. The District Court granted that motion. In ascertaining the extent of the departure, the District Court referred to the Crack Cocaine Guidelines and concluded that it was appropriate to depart downward to the base offense level that those Guidelines produced, absent application of the Career Offender Guidelines. The Court also departed downward with respect to the criminal history category, reducing it from VI to V. With the additional reduction for acceptance of responsibility, Appellant's new total offense level was a 29, which, combined with the reduced criminal history category of V, produced a new advisory Guideline range of 140-175 months. The Court sentenced Appellant within that range to 150 months of imprisonment. On appeal, this Court affirmed Appellant's sentence.

In April 2010, Appellant filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), seeking the benefit of Amendment 706 to the Sentencing Guidelines. The District Court held a hearing on May 18, 2011, and thereafter issued a May 26, 2011 Order, denying Appellant's motion for a sentence reduction. In an accompanying Memorandum, the District Court explained that Appellant was not eligible for a

reduction of sentence because Amendment 706 did not lower Appellant's "applicable guideline range," which the Court concluded was the pre-departure range of 188-235 months dictated by the Career Offender Guidelines. Appellant timely appealed the District Court's order.

## II.

Appellant's sole argument on appeal is that the District Court erred in concluding that his "applicable guideline range" for purposes of determining his eligibility for re-sentencing was the range dictated by the Career Offender Guidelines. In Appellant's view, his "applicable guideline range" was the range that applied after the U.S.S.G. § 4A1.3 departure, *i.e.*, the range dictated by the Crack Cocaine Guidelines. He therefore argues that Amendment 706 <u>did</u> reduce his "applicable guideline range" and he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

Section 3582(c)(2) provides that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Section 3582(c)(2) therefore only authorizes a reduction in a defendant's sentence if (1) the District Court sentenced the defendant "based on" a guideline range that has been lowered by an amendment to the Guidelines and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id*. With

4

respect to the second requirement, U.S.S.G. § 1B1.10(a)(2)(B) provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if -- . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range." Similarly, Application Note 1(A) to U.S.S.G. § 1B1.10 states that:

> . . . a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: . . . (ii) an amendment [to the Guideline range] is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).

U.S.S.G. § 1B1.10, cmt. n.1(A).

Here, the parties agree that Appellant's sentence was "based on" a sentencing range that was lowered by Amendment 706. They disagree, however, whether Amendment 706 had the effect of lowering Appellant's "applicable guideline range," such that a sentence reduction would be "consistent with [the Sentencing Commission's] applicable policy statements." 18 U.S.C. § 3582(c)(2). As noted above, the issue is whether Appellant's "applicable guideline range" is the sentencing range calculated under the Career Offender Guidelines, in which case Appellant is not eligible for a sentence reduction, or the sentencing range calculated under the Crack Cocaine Guidelines, in which case he is eligible for a reduction.

In *United States v. Flemming*, 617 F.3d 252 (3d Cir. 2010), this Court considered whether the "applicable guideline range" for a career offender who was sentenced under the 2001 version of the Guidelines and received a downward departure under § 4A.1.3 was the sentencing range under the Career Offender Guidelines or the Crack Cocaine Guidelines. The

5

*Flemming* court concluded that the 2001 version of the Guidelines was ambiguous as to which range was the "applicable guidelines range" under such circumstances. *Id*. at 265. In that regard, the Court noted that the Guidelines "contain no global definition of the phrase 'applicable guideline range.'" *Id*. at 261. It also opined that the Application Instructions for the Guidelines in U.S.S.G. § 1B1.1, which dictate the order in which a court is to apply the various provisions and chapters of the Guidelines, neither "clearly require the [§ 4A1.3] departure to be applied *after* the 'applicable guideline range' is calculated . . . nor . . . clearly require the departure to be applied *before* the 'applicable guideline range' is calculated." *Id*. at 265. In light of this ambiguity, the Court in *Flemming* applied the rule of lenity, granted Flemming the benefit of the Guidelines' ambiguity, and held that Flemming was eligible for a reduction of sentence. *Id*. at 269-72.

At the same time, the *Flemming* court recognized that, following Flemming's sentencing, there had been a 2003 amendment to the commentary to U.S.S.G. § 1B1.1 that "may resolve th[e] ambiguity" of whether the "applicable guideline range" is the range pre- or post-departure. *Id*. at 266, 270. Amendment 651 to the Guidelines added the following definition of "departure" to the commentary to U.S.S.G. § 1B1.1:

> "Departure" means (i) for purposes other than those specified in subdivision (ii), imposition of a sentence outside the applicable guideline range or of a sentence that is otherwise different from the guideline sentence; and (ii) for purposes of § 4A1.3 (Departure Based on Inadequacy of Criminal History Category), assignment of a criminal history category *other than the otherwise applicable criminal history category, in order to effect a sentence outside the applicable guideline range.*

U.S.S.G. § 1B1.1 cmt. n.1(E) (2003) (emphasis added). The Court in *Flemming* stated that this definition "appears . . . to suggest that a § 4A1.3 downward departure has no effect on a

6

defendant's 'applicable guideline range,'" because it "indicate[s] that a § 4A1.3 downward departure is a departure from, rather than to, the 'applicable guideline range.'" *Flemming,* 617 F.3d at 266. The Court further observed that "[t]he Sixth, Eighth and Tenth Circuits [have already] seized on this definition to conclude that a § 4A1.3 departure has no effect on the 'applicable guideline range' for a career offender." *Id.* (citing *United States v. Tolliver,* 570 F.3d 1062, 1066 (8th Cir. 2009), *United States v. Pembrook,* 609 F.3d 381, 385-86 (6th Cir. 2010), and *United States v. Darton,* 595 F.3d 1191, 1194 (10th Cir. 2010)); *see also United States v. Blackmon,* 584 F.3d 1115, 1116-17 (8th Cir. 2009).

The *Flemming* court ultimately declined to decide "whether a career offender granted a § 4A1.3 downward departure under a post-2003 edition of the Sentencing Guidelines would be eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2)," explaining that it was precluded from considering the new definition of "departure" in Flemming's case, because Flemming had been sentenced before that definition was adopted. *Id.* at 267, 271 n.26. Nevertheless, the Court stated that "to the extent that the 2003 definition provides clearer guidance as to the 'applicable guideline range' for a defendant granted a § 4A1.3 departure, we may be required to treat that guidance as authoritative, as it does not appear to be 'inconsistent with, or a plainly erroneous reading of' the Guidelines." *Id.* at 271 n.26 (quoting *Stinson v. United States,* 508 U.S. 36, 38 (1993)).

The present appeal raises the precise issue that *Flemming* left unresolved, *i.e.,* what is the "applicable guideline range" for a career offender receiving a § 4A1.3 departure under a post-2003 edition of the Guidelines. In other words, we have to resolve whether the 2003 amendment resolves the ambiguity that led to *Flemming*'s application of the rule of lenity. Appellant urges us to conclude that, in spite of the added definition of "departure," the phrase "applicable guideline range" remains ambiguous. However, we conclude that the 2003 definition does resolve the ambiguity that the *Flemming* court identified and clearly establishes that the "applicable guideline range" is that which precedes the application of a § 4A1.3

7

departure. Indeed, we conclude that the definition's explicit statement that a § 4A1.3 departure is the "assignment of a criminal history category in order to effect a sentence *outside the applicable guideline range*," U.S.S.G. § 1B1.1 cmt. n.1(E) (emphasis added), leaves no doubt that a § 4A1.3 departure is a departure *from* the applicable guideline range, not a departure *to* the applicable guideline range.[1] Accordingly, the District Court correctly determined that Appellant's "advisory guideline range" was the range dictated by the Career Offender Guidelines, not his post-§ 4A1.3 departure range, which corresponded to the range set forth in the Crack Cocaine Guidelines. As a result, Appellant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c).

## III.

We have considered all other arguments made by the parties on appeal, and conclude that no further discussion is necessary. For the foregoing reasons, we will affirm the District Court order denying Appellant's motion for reduction of sentence.

---

[1]This conclusion is consistent with Amendment 759 to the Guidelines, effective November 1, 2011, which further amended Application Note 1(A) to U.S.S.G. § 1B1.10 by adding a parenthetical, so that the Application Note now reads: "Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment . . . that lowers the applicable guideline range *(i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance).*" U.S.S.G. § 1B1.10 cmt. n.1(A) (2011) (emphasis added).