BLD-266                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2039
_____

UNITED STATES OF AMERICA

v.

ERIC LOZANO,
                                        Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 06-cr-00175-006)
District Judge:  Honorable John E. Jones, III
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect or for
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 23, 2012

Before:  SCIRICA, SMITH AND CHAGARES, Circuit Judges

(Opinion filed: September 18, 2012)
_____

OPINION
_____

PER CURIAM

        Eric Lozano pleaded guilty to one count of conspiring to sell more than fifty grams

of crack.  Pursuant to a written plea agreement, the District Court sentenced Lozano in

2009 to 216 months of imprisonment.  Thereafter, Lozano filed various pro se motions

seeking to either modify or vacate his sentence. For this appeal, only Lozano's February 2012 motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), is relevant. That motion relied on U.S.S.G. Amendment 750, which lowered the base offense levels for certain crack quantities in order to conform to the Fair Sentencing Act of 2010. The District Court appointed the Federal Defender, who promptly moved to withdraw, asserting that Lozano's § 3582(c)(2) motion was meritless because his sentence was "based on an 11(c)(1)(C) plea agreement and is less than the amended guideline range."

On March 20, 2012, the District Court both granted the Federal Defender's motion to withdraw and denied Lozano's § 3582(c)(2) motion. Lozano appealed.

Lozano's notice of appeal was filed, at the earliest, two days outside the fourteen-day time period that governs criminal appeals. See Fed. R. App. P. 4(b)(1)(A)(i).[1] It would thus appear that Lozano's appeal is untimely. However, we recently held that "Rule 4(b) is not jurisdictional and is subject to forfeiture." Virgin Islands v. Martinez, 620 F.3d 321, 327 (3d Cir. 2010). In this case, the Government did not respond to the Clerk's letter permitting written argument on the issue of appellate jurisdiction. Nor has the Government invoked Rule 4(b) in any pleading. Accordingly, the Government has forfeited any available untimeliness argument. See id. at 329.

---

[1] The envelope containing the notice of appeal was stamped by someone in Erie, Pennsylvania on April 10, 2012. In the notice of appeal itself, Lozano suggests that he mailed it on April 5, 2012. See Houston v. Lack, 487 U.S. 266, 276 (1988) (a pro se prisoner's notice of appeal is deemed filed at the moment of delivery to prison authorities for forwarding to the district court). Whether the notice of appeal was filed two or seven days late is ultimately inconsequential.

We therefore exercise appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  See United States v. Barney, 672 F.3d 228, 228 (3d Cir. 2012).  Employing an abuse of discretion standard of review, see United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009), we will summarily affirm because this appeal "does not present a substantial question."  Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We agree with the District Court that there was no basis for Lozano's § 3582(c)(2) motion since he was sentenced pursuant to a plea agreement that did not expressly tie the sentence to a particular guidelines range.  See Freeman v. United States, 564 U.S. ----, ----, 131 S. Ct. 2685, 2695-97 (2011) (Sotomayor, J., concurring) (explaining that § 3582(c)(2) relief is unavailable to the defendant whose sentence is "based on" a Rule 11(c)(1)(C) plea agreement that does not explicitly set the term of imprisonment by resorting to a guidelines-range calculation); United States v. Thompson, 682 F.3d 285, 290 (3d Cir. 2012) (concluding that Justice Sotomayor's concurrence in Freeman is the controlling opinion).  As the Federal Defender noted in the motion to withdraw, "Under the plea agreement the parties stipulated to imprisonment for a term of 216 months.  The plea agreement did not require a sentence within a particular guideline range nor did it explicitly reference a guideline range as the basis for the agreed upon sentence." (DC ECF #706, pg. 3 ¶¶ 8-9.)  Lozano, therefore, was not entitled to § 3582(c)(2) relief.

For these reasons, we will summarily affirm the March 20, 2012 order of the District Court.

3