**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2605
_____

UNITED STATES OF AMERICA

v.

GREGORY CARTER,
Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Criminal Action No. 1-06-cr-00143-001)
District Judge:  Honorable Gregory M. Sleet

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 14, 2012

Before: FUENTES, VANASKIE and VAN ANTWERPEN, Circuit Judges

(Opinion filed: December 17, 2012)
_____

OPINION
_____

PER CURIAM

Gregory Carter, a federal prisoner proceeding pro se, appeals from the District

Court's order denying his motion for a reduction in sentence pursuant to 18 U.S.C. §

3582(c)(2).  We will affirm.

Carter pleaded guilty to three counts of drug trafficking, including knowingly distributing crack cocaine. At Carter's sentencing hearing, there were no objections to him being sentenced as a career offender pursuant to U.S.S.G. § 4B1.1. (App. p. 63.) His advisory Guidelines range was 262 to 327 months imprisonment. (Id. p. 64.) However, the District Court sentenced Carter to 144 months imprisonment, finding that he was entitled to a variance because "the Guideline range [was] out of proportion to what is necessary to a sentence that is sufficient but not greater than necessary to achieve the various goals of sentencing." (Id. p. 99, 101.)

On May 1, 2012, Carter filed a motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2), arguing that Amendment 750 to the United States Sentencing Guidelines, known as the "crack retroactivity reduction," should apply. The District Court denied the motion on May 14, 2012. (Dkt. No. 34.) Carter timely appealed.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's interpretation of the Sentencing Guidelines de novo. United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). We review a district court's ultimate decision to deny a motion pursuant to § 3582 for abuse of discretion. Id.

To be eligible for a reduction in sentence, a defendant must have "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The sentence must first be "based on" a Guidelines range, and, second, a Guidelines amendment must have

the "effect of lowering" that Guidelines range. United States v. Thompson, 682 F.3d 285, 290 (3d Cir. 2012) (citing Freeman v. United States, 131 S. Ct. 2685, 2700 (2011) (Sotomayor, J., concurring)). Further, when determining a career offender's eligibility for resentencing, his applicable Guidelines range is the one "dictated by the Career Offender Guidelines, not his [post-departure] range." United States v. Barney, 672 F.3d 228, 232 (3d Cir. 2012).

To conform to the Fair Sentencing Act of 2010, Amendment 750 lowered the base offense levels for crack cocaine quantities listed in U.S.S.G. § 2D1.1. However, as a career offender, Carter's offense level and Guidelines range were based on the application of U.S.S.G. § 4B1.1. The fact that the District Court granted Carter a variance does not change the fact that he was sentenced as a career offender. See Barney, 672 F.3d at 232. Because Carter was not sentenced based on a range that was subsequently lowered by the Commission, he was not eligible for a reduction under § 3582(c)(2). Id.; see also Mateo, 560 F.3d at 154-55. The District Court did not abuse its discretion in denying Carter's motion.[1]

III.

For the foregoing reasons, we will affirm the District Court's May 14, 2012 order denying Carter's motion for a reduction in sentence.

---

[1]Carter relies on Freeman, 131 S. Ct. at 2693, in support of his appeal. That case is inapplicable because, while Carter entered into a plea agreement, the parties did not agree on a sentence pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).