**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2921
_____

UNITED STATES OF AMERICA

v.

BARRY L. HOLLAND,
Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 10-cr-00243-002)
District Judge: Honorable Yvette Kane
_____

Submitted Under Third Circuit LAR 34.1(a)
January 18, 2013
_____

Before: SMITH, CHAGARES and BARRY, Circuit Judges

(Opinion Filed: February 5, 2013 )
_____

OPINION
_____

BARRY, Circuit Judge

Appellant Barry L. Holland pled guilty to possession with intent to distribute

cocaine base in violation of 21 U.S.C. § 841(a)(1), and to being a felon in possession of a

firearm in violation of 18 U.S.C. § 922(g). He was sentenced to 140 months'

imprisonment. Holland filed pro se motions for reduction of sentence under 18 U.S.C. § 3582(c)(2), all of which were denied. He appealed. Counsel has filed a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no nonfrivolous issues for appeal. We will affirm the order of the District Court and grant counsel's motion to withdraw.

## I.

On September 1, 2010, Holland and Devon Bullock, Jr., were indicted. Holland was charged with unlawful possession of an unspecified amount of crack cocaine with the intent to distribute (Count III), possession of a firearm and ammunition during and in relation to a drug trafficking offense (Count IV), and possession of a firearm after having been convicted of a felony (Count V).[1] On March 11, 2011, pursuant to a plea agreement Holland agreed to plead guilty to Counts III and V.

In the presentence report, the probation office calculated Holland's total offense level to be 29, which represented a base offense level of 32 less 3 points for acceptance of responsibility.[2] His criminal history category was VI given that he was a career offender under § 4B1.1 of the sentencing guidelines. The result was a guideline range of 151 to 188 months.

At sentencing, Holland objected to his characterization as a career offender and

---

[1] Bullock pled guilty and did not appeal his sentence.
[2] Before any Chapter Four enhancements were applied, Holland's base offense level of 24 resulted from the firearms sentencing guideline, U.S.S.G. § 2K2.1(a)(2) -- the offense

asked the District Court to downward depart to a lower criminal history category.

Agreeing that his criminal history category was overstated, the District Court departed

down to a category V.  With the departure, Holland's guideline range became 140 to 175

months.  Holland was then sentenced to 140 months' imprisonment on each of Counts III

and V, to be served concurrently.

Holland filed a pro se motion for a reduction of sentence pursuant to 18 U.S.C.

§ 3582(c) on February 21, 2012, and the District Court appointed the Federal Public

Defender's Office to represent him.  Three days later, Holland filed a second pro se

motion to reduce his sentence and on March 26, 2012, he filed a third.[3] In all three of his

motions, he asserted that he was eligible for a sentence reduction under Amendment 750

to the sentencing guidelines.

On June 22, 2012, the District Court denied Holland's motions, finding that he was

not sentenced pursuant to the crack cocaine guidelines, but rather was sentenced pursuant

to the career offender guidelines, guidelines that were not impacted by Amendment 750.

## II.[4]

Under *Anders*, if court-appointed appellate counsel determines there are no

---

level for the most serious of the counts to which Holland pled guilty. The crack cocaine
guidelines were not used to set his base offense level.
[3] Holland advised the District Court, in his third motion, that he had been advised by
counsel that his motion had no merit. He nonetheless asked that his motion be considered,
citing his post-sentencing rehabilitative progress.
[4] The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231.  We exercise
jurisdiction pursuant to 28 U.S.C. § 1291.

nonfrivolous issues for appeal, he or she may seek to withdraw from representing an indigent criminal defendant. *United States v. Marvin*, 211 F.3d 778, 779 (3d Cir. 2000). Our review is plenary over whether there are any nonfrivolous issues for appeal. *See Simon v. Gov't of the Virgin Islands*, 679 F.3d 109, 114 (3d Cir. 2012) (citing *Penson v. Ohio*, 488 U.S. 75, 80 (1988)). We must consider: "1) whether counsel adequately fulfilled the requirements of Third Circuit Local Appellate Rule 109.2(a), and 2) whether an independent review of the record presents any nonfrivolous issues." *Id.* at 114.

To satisfy the first step, counsel must conclude that there are no nonfrivolous issues for appeal after reviewing the record, advise the Court of his or her conclusions, and request permission to withdraw. *United States v. Youla*, 241 F.3d 296, 299-300 (3d Cir. 2001). Moreover, counsel must submit a "brief referring to anything in the record that might arguably support the appeal," and explain why the issues appellant wishes to raise on appeal are frivolous. *Anders*, 386 U.S. at 744; *see Marvin*, 211 F.3d at 780-81. "[W]hat is required is a determination that the appeal lacks any basis in law or fact." *McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 438 n.10 (1988); *see Youla*, 241 F.3d at 300-01.

Under the second step, we conduct an independent review of the record to assess whether it presents any nonfrivolous issues. *See Youla*, 241 F.3d at 300. "Where the *Anders* brief initially appears adequate on its face, the proper course is for the appellate court to be guided in reviewing the record by the *Anders* brief itself." *Id.* at 301 (internal

4

quotation marks and citation omitted).  We also, of course, consider an appellant's pro se filings.  If we determine that the appeal is without merit, we must grant appellate counsel's motion to withdraw and dispose of the appeal without appointing new counsel.

The Fair Sentencing Act ("FSA") of 2010 reduced the crack/powder ratio to approximately 18:1 and changed the threshold quantities of crack cocaine which trigger mandatory minimum sentences under 21 U.S.C. § 841(b).  Fair Sentencing Act of 2010, Pub. L. No. 111–220, § 2, 124 Stat. 2372, 2372 (2010).  The FSA also vested the Sentencing Commission with emergency authority to promulgate comparable changes in the pertinent sentencing guidelines.  *Id.* at § 8.  As a result, the Sentencing Commission promulgated an emergency amendment altering the offense levels in Section 2D1.1 for crack cocaine offenses and subsequently promulgated Amendment 750 authorizing courts to reduce previous terms of imprisonment based on the former crack cocaine guidelines.  U.S. Sentencing Guidelines Supp. App. C, amend.  750 (2011) (effective Nov. 1, 2011).

Holland sought a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), which provides, in relevant part, that a district court may modify a defendant's term of imprisonment when the defendant was sentenced "to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).  The District Court concluded that Holland was not entitled to a sentence reduction because he was sentenced pursuant to the career offender guidelines, not the crack cocaine guidelines, and Amendment 750 simply did not apply.  We agree.

*See United States v. Barney*, 672 F.3d 228, 232 (3d Cir. 2012) (holding that the applicable guideline range for a career offender receiving a departure under U.S.S.G. § 4A1.3 is "the range dictated by the Career Offender Guidelines, not [the post-] departure range"); *see also United States v. Thompson*, 682 F.3d 285, 291 (3d Cir. 2012) ("To meet the first condition of § 3582(c)(2), a defendant's sentence must be based on the actual, calculated Guidelines range upon which the district court relied at sentencing."). Accordingly, we accept the *Anders* brief filed by counsel and find there are no nonfrivolous issues for appeal.

## IV.

We will affirm the order of the District Court and grant counsel's motion to withdraw. We also find, pursuant to Third Circuit L.A.R. 109.2(b), that the issues presented in this appeal lack legal merit and do not require the filing of a petition for writ of certiorari in the Supreme Court of the United States.