**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff - Appellant*,

v.

ROBERT TERRELL PLEASANT,
*Defendant - Appellee*.

No. 12-10213

D.C. No.
3:08-cr-00771-
MHP-1

OPINION

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted
December 7, 2012–San Francisco, California

Filed January 2, 2013

Before: Michael Daly Hawkins, A. Wallace Tashima,
and Mary H. Murguia, Circuit Judges.

Opinion by Judge Tashima

## SUMMARY[*]

### Criminal Law

The panel reversed the district court's order granting a sentence reduction under 18 U.S.C. § 3582(c)(2) after the Sentencing Commission amended the crack-cocaine guidelines.

Applying Justice Sotomayor's controlling concurrence in *Freeman v. United States*, 131 S. Ct. 2685 (2011), the panel wrote that the defendant's sentence satisfied the first prong of § 3582(c)(2) eligibility – it was "based on" the subsequently-amended crack-cocaine guideline, U.S.S.G. § 2D1.1(c), where the Rule 11(c)(1)(C) plea agreement expressly used § 2D1.1(c) to set the stipulated sentence.

The panel held, however, that the sentence did not satisfy the second prong of § 3582(c)(2), which requires that the reduction be consistent with applicable policy statements issued by the Sentencing Commission. The panel wrote that the reduction was not consistent with U.S.S.G. § 1B1.10(a)(1), which permits a reduction only if the guideline range "applicable to" the defendant has subsequently been lowered as a result of an amendment to the Guidelines. The panel held that under Guidelines Amendment 759 (2011), the defendant's "applicable guideline range" is the Career Offender range (U.S.S.G. § 4B1.1) for which the plea agreement recognized the defendant qualified, but under which the defendant was not

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

sentenced only because the district court granted a downward variance. The panel explained that Amendment 759 makes clear that the applicable guideline is derived pre-departure and pre-variance. The panel also explained that *Freeman* addressed only when a sentence is "based on" a subsequently amended sentencing range, not the meaning of "applicable guidelines," and that even if it had, *Freeman* would have been abrogated by Amendment 759's subsequent clarification of the definition of "applicable guidelines."

## COUNSEL

Merry Jean Chan, Assistant United States Attorney, San Francisco, California, for Plaintiff-Appellant.

Rita Bosworth, Assistant Federal Public Defender, San Francisco, California, for Defendant-Appellee.

## OPINION

TASHIMA, Circuit Judge:

After pleading guilty to possession with intent to distribute crack cocaine, Robert Pleasant was sentenced to 77 months' imprisonment. The plea agreement stipulated that Pleasant should be sentenced under the crack-cocaine guidelines, but it also acknowledged that his status as a Career Offender exposed Pleasant to a sentence as high as 235 months. After the Sentencing Commission amended the crack-cocaine guidelines, the district court granted a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 18 U.S.C. § 3742(b), and we reverse.

## I.

Pleasant was indicted in 2008 for possessing, with intent to distribute, crack cocaine in violation of 21 U.S.C. § 841(a)(1). He pled guilty pursuant to a Rule 11(c)(1)(C)[1] plea agreement and, in doing so, admitted that he had possessed over twelve grams of crack cocaine. The plea agreement recognized that Pleasant qualified for sentencing under the Career Offender guidelines (U.S.S.G. § 4B1.1), but provided instead that his sentence should be at the low end of the guidelines applicable to crack-cocaine offenses (U.S.S.G. § 2D1.1(c)). The district court accepted the plea agreement by granting a variance from the Career Offender guidelines, and thus sentenced Pleasant to 77 months imprisonment.[2] Judgment was entered on March 17, 2009.

The Fair Sentencing Act of 2010 ("FSA") modified, among other things, the penalties for crack cocaine offenses by reducing sentencing disparities between crack and powder cocaine offenses. Pub. L. No. 111-220, 124 Stat. 2372 (2010). On November 1, 2010, the U.S. Sentencing Commission exercised its authority under the FSA by issuing Amendment 748, which revised penalties for crack cocaine offenses under the § 2D1.1(c) drug quantity table. U.S.S.G. app. C (2011). The Commission then issued Amendment

---

[1] All references to "Rules" are to the Federal Rules of Criminal Procedure.

[2] The sentence was calculated under the 2009 Guidelines, as follows: Pursuant to § 2D1.1(c)(8), Pleasant's offense level was 24, which was adjusted down by 3 points for acceptance of responsibility, to level 21. His criminal history category was VI (which would have resulted with or without application of the Career Offender Guidelines). His sentencing range was accordingly 77–96 months.

750, which made the Amendment 748 changes permanent. *Id*. Finally, the Commission issued Amendment 759, which: (1) made the Amendment 750 changes retroactive; and (2) modified § 1B1.10, which governs when a sentence may be reduced by reason of a retroactive guideline amendment. *Id.*

In light of these amendments, Pleasant filed a "Notice of Eligibility" for a reduction of sentence under 18 U.S.C. § 3582(c)(2).[3] In response, the government argued that Pleasant was not entitled to a reduction because his applicable guidelines were the Career Offender guidelines, which had not been amended. On March 23, 2012, the district court granted the motion from the bench, relying on *Freeman v. United States*, 131 S. Ct. 2685 (2011). Specifically, the court held that, under *Freeman*, Pleasant's original sentence was "based on" the crack-cocaine guidelines.

Under the revised guidelines, Pleasant's offense level was 20, adjusted down to 17 for acceptance of responsibility. U.S.S.G. § 2D1.1(c)(10)(2011). Thus, with the same level VI criminal history category, Pleasant's new guideline range was 51–63 months. In light of the five-year mandatory minimum for convictions under 21 U.S.C. § 841(a)(1), Pleasant was re-

---

[3] Pleasant initially filed a premature *pro se* motion for a reduction in sentence, which the district court denied without prejudice. He filed a renewed *pro se* motion after the guideline amendments became effective. Thereafter, appointed counsel filed a "Notice of Eligibility." The filing was presumably styled as a "notice" rather than a "motion" in order to invoke the district court's *sua sponte* authority under § 3582(c)(2) and not run afoul of the waiver provision in the plea agreement. The district court, indeed, relied on its *sua sponte* authority to order the reduction.

sentenced to 60 months.[4]  *See* 21 U.S.C. § 841(b)(1)(B)(iii) (2009).  The government timely appealed.

## II.

We review de novo whether a district court has jurisdiction to resentence a defendant under 18 U.S.C. § 3582. *United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009).  Under § 3582(c)(2),[5] a defendant is eligible for a sentence reduction if two prongs are satisfied:  "(1) the sentence is '*based on* a sentencing range that has subsequently been lowered by the Sentencing Commission' and (2) 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009) (quoting 18 U.S.C. § 3582(c)(2)) (emphasis added).  The "primary

---

[4] Because Pleasant was sentenced before August 3, 2010 (the effective date of the FSA) he cannot benefit from the lower statutory mandatory minimums codified by the FSA.  *See United States v. Baptist*, 646 F.3d 1225, 1228–29 (9th Cir. 2011) (per curiam).  But he was still eligible for reduction under the revised guidelines, which were made retroactive by Amendment 759.

[5] Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

applicable policy statement" is U.S.S.G. § 1B1.10,[6] which states that a defendant is eligible for a sentence reduction if "the guideline range *applicable to* that defendant has subsequently been lowered as a result of an amendment to the Guidelines . . . ." U.S.S.G. § 1B1.10(a)(1) (emphasis added). Although the "applicable to" language from the policy statement appears to mirror the "based on" language of the first prong, each prong requires a separate analysis. *See Wesson*, 583 F.3d at 730, 732.

## A.

The government does not dispute that Pleasant satisfied the first prong of § 3582(c)(2), but a brief discussion of that issue provides necessary background for our discussion of the second prong. In *Freeman*, the Supreme Court addressed whether a defendant sentenced pursuant to a Rule 11(c)(1)(C) plea agreement ("a (C) plea" or "a (C) agreement") is eligible for a sentence reduction under § 3582(c)(2). 131 S. Ct. at 2685. The critical question was whether, assuming there was a relevant Guidelines amendment, such a defendant was sentenced "based on" that amendment. A four-justice plurality found that a court may "revisit a prior sentence to whatever extent the sentencing range in question was a relevant part of the analytical framework the judge used to determine the sentence or to approve the agreement." *Id*. at 2692–93.

Justice Sotomayor wrote separately and agreed with the plurality, but did so on narrower grounds that make her concurrence controlling. *See United States v. Austin*,

---

[6] *See* U.S.S.G. § 1B1.10(a)(1) (noting that any reduction under § 3582(c)(2) "shall be consistent with this policy statement").

676 F.3d 924, 927 (9th Cir. 2012).   Specifically, Justice Sotomayor held that a sentence imposed under a (C) plea is "based on" an amended guideline if:   (1) the agreement "*expressly uses* a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment"; and (2) that sentencing range was subsequently amended. *Freeman*, 131 S. Ct. at 2695 (Sotomayor, J., concurring in the judgment) (emphasis added).

Applying Justice Sotomayor's test here, Pleasant's sentence was clearly "based on" the crack-cocaine guidelines because:  (1) the plea agreement expressly used § 2D1.1(c) to set the stipulated sentence; and (2) because that guideline was "subsequently amended" via Amendments 748, 749, and 759. Thus, even though the plea agreement recognized that Pleasant's status as a Career Offender could have triggered a higher offense level, the agreement's express reliance on § 2D1.1(c) means that, under § 3582(c), Pleasant's sentence was "based on" § 2D1.1(c).   *Id.* at 2697 (noting that a sentence reduction is available when the (C) agreement "call[s] for the defendant to be sentenced within a particular Guidelines sentencing range").  In sum, Pleasant satisfied the first requirement for relief under § 3582(c).

**B.**

Although Pleasant satisfied the "based on" requirement of § 3582(c)(2), his sentence reduction would be proper only if it was also consistent with U.S.S.G. § 1B1.10(a)(1). *Wesson*, 583 U.S. at 730.  That provision permits a reduction only if "the guideline range *applicable to* that defendant has subsequently been lowered as a result of an amendment to the Guidelines . . . ." U.S.S.G. § 1B1.10(a)(1) (emphasis added). The central dispute in this appeal is the meaning of

"applicable to" and "applicable guidelines." The government contends that, in this case, the applicable guidelines are the Career Offender guidelines because Pleasant qualified as a Career Offender, even though he was not sentenced under those guidelines. Pleasant argues that, under *Freeman,* the applicable guideline is § 2D1.1 because the plea agreement called for sentencing to be imposed under that provision.

The commentary to § 1B1.10 addresses this very question.[7] *See Stinson v. United States*, 508 U.S. 36, 38 (1993) (holding that Guidelines commentary is generally "authoritative"). Specifically, Application Note 1(A) clarifies that § 3582(c)(2) "is triggered only by an amendment . . . that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), *which is determined before consideration of any departure provision in the Guidelines Manual or any variance*)." U.S.S.G. § 1B1.10 cmt. n.1(A) (2011) (emphasis added). This language was added to resolve a circuit split that had arisen over whether a defendant's "applicable guideline range" should be derived before or after the application of a departure or variance. U.S.S.G. app. C, amend. 759. In short, Amendment 759 makes clear that the applicable guideline is derived pre-departure and pre-variance.

Under Amendment 759, Pleasant's applicable guideline range is the Career Offender range. The parties agree that Pleasant qualifies as a Career Offender, and his plea agreement outlined the stipulated ramifications of his Career

---

[7] The relevant commentary is derived from the 2011 Guidelines Manual which was in effect at the time the district court reduced Pleasant's sentence. *See* U.S.S.G. § 1B1.10, cmt. n.6.

Offender status. Pleasant was only able to avoid the Career Offender guidelines because the district court granted a downward variance. Accordingly, Pleasant's pre-variance guideline range, *i.e.*, his "applicable guideline range," is the Career Offender guideline.

Section 6B1.2, which outlines the "Standards for Acceptance of Plea Agreements," confirms that a defendant's applicable range is distinct from the range agreed to in a plea agreement. Specifically, § 6B1.2 allows a court to accept a (C) agreement if "the *agreed sentence* is outside the *applicable guideline range* for justifiable reasons." (emphases added). This provision expressly distinguishes between the "applicable guideline range" and the "agreed sentence." Stated in terms of Pleasant's plea, the applicable guideline range was the Career Offender range, but the agreed sentence was determined under the crack-cocaine range.[8]

In sum, § 1B1.10 mandates that the Career Offender guidelines were Pleasant's "applicable guidelines"; thus, the district court did not have jurisdiction either to hear Pleasant's § 3582(c) motion or to act *sua sponte*.

---

[8] As the Sixth Circuit has noted, this reading of "applicable guideline" is consistent with the purpose of § 3582(c)(2). "By its terms, § 3582(c)(2) seeks to allow a sentence reduction only when the Sentencing Commission has determined that a defendant's original sentencing range was excessive. In this case . . . [i]t was only the sentencing court that determined that [defendant's] career offender range was excessive, acting under its departure authority, rather than by recalculating or altering the 'applicable guideline range.'" *United States v. Pembrook*, 609 F.3d 381, 387 n.8 (6th Cir. 2010) (internal citation omitted). In issuing Amendment 759, the Commission referenced *Pembrook* as being on the correct side of a circuit split over whether "applicable guideline" should be derived pre- or post-departure. *See* U.S.S.G. app. C, vol. III. at 421 (adopting the approach taken by the Sixth, Eighth, and Tenth Circuits).

### III.

Despite the clear directive in § 1B1.10, Pleasant contends that *Freeman* controls the meaning of "applicable guidelines" when a defendant is sentenced pursuant to a (C) agreement. Pleasant misreads *Freeman*. Even if his reading were accurate, Amendment 759 would have abrogated *Freeman*.

As discussed above, *Freeman* established that, under § 3582(c)(2), a defendant's sentence is "based on" whatever guidelines the parties have agreed to in a (C) agreement. Thus, because Freeman's (C) agreement called for sentencing under the crack-cocaine guidelines, Justice Sotomayor concluded that his sentence was "based on" those guidelines. *Freeman*, 131 S. Ct. at 2699. This conclusion only satisfied the first prong of § 3582(c)(2), however, because a defendant must also show that a sentence reduction is consistent with § 1B1.10, which requires that a defendant's "applicable guideline range" have been amended.

As to this second prong, nothing in *Freeman* suggests that Freeman's agreed range was outside of the applicable range, or that it arose from a departure or variance. Freeman's sentence thus satisfied "the second of § 3582(c)(2)'s conditions" because the amendment had "'the effect of lowering [his] applicable guideline range.'" *Id*. at 2700 (Sotomayor, J., concurring in the judgment) (quoting U.S.S.G. § 1B1.10(a)(2)(B)). But Pleasant's circumstances differ from Freeman's because Pleasant's "agreed sentence [was] outside the applicable guideline range . . . ." U.S.S.G. § 6B1.2. In short, *Freeman* only addressed when a sentence is "based on" a subsequently amended sentencing range, and its holding does not control the question presented in this appeal. *See United States v. Ware*, 694 F.3d 527, 534 (3d Cir.

2012) (holding that "the meaning of the term 'based on' – and hence the holding of *Freeman* – is simply not germane to" § 1B1.10(a)(2)'s requirement that the amendment have lowered the defendant's applicable guideline range); *see also Freeman*, 131 S. Ct. at 2701 (Roberts, C.J., dissenting) ("The lone issue here is whether petitioner . . . meets the initial prerequisite of having been sentenced to a term of imprisonment 'based on' a subsequently reduced sentencing range.").

Even if Freeman's sentence had been a deviation from otherwise applicable guidelines, *e.g.*, even if he was a Career Offender, then, the *Freeman* ruling would be in direct conflict with Amendment 759. As noted above, Amendment 759 – which was issued after *Freeman* – specified that the applicable guideline range is "determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A). Thus, Pleasant's expansive view of *Freeman* directly conflicts with later-promulgated Guidelines commentary, and the commentary controls. *See Stinson*, 508 U.S. at 46 ("[P]rior judicial constructions of a particular guideline cannot prevent the Commission from adopting a conflicting interpretation . . . ."); *Ware*, 694 F.3d at 534 n.4 ("§ 3582(c)(2) expressly incorporates the Guidelines policies, and therefore modification of the relevant policies may affect the proper interpretation of the statute as a whole").[9]

---

[9] Similarly, the Western District of Washington recently observed that "this Court cannot ignore that *Freeman* pre-dated the Commission's amendment of § 1B1.10 and that the Supreme Court has stated on many occasions that the Commissions' statements regarding sentencing modifications, specifically those contained at § 1B1.10, are determinative." *United States v. Vinnie*, No. 04-326-RSL, 2012 WL 992113 at *2 (W.D. Wash. Mar. 22, 2012).

In sum, *Freeman* did not hold that a defendant's agreed sentencing range is necessarily the same as his applicable sentencing range and, even if it did, *Freeman* would have been abrogated by Amendment 759's clarification of the definition of "applicable guidelines." Under that definition, Pleasant's applicable guidelines were the Career Offender guidelines. Thus, Pleasant was not entitled to a reduction in sentence under § 3582.

## CONCLUSION

The district court's order reducing Pleasant's sentence is reversed and the case is remanded with instructions to reinstate Pleasant's original sentence as set forth in his plea agreement.

**REVERSED and REMANDED.**