**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30099 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00189-JLR-1 |
| v. | |
| MICHAEL ANDROS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted February 4, 2013
Seattle, Washington

Before: FISHER, GOULD and PAEZ, Circuit Judges.

Michael Andros appeals the district court's order denying his motion for

reduction of sentence under 18 U.S.C. § 3582(c)(2). We affirm.

Section 3582(c)(2) allows a modification of a term of imprisonment when

two requirements are satisfied: (1) the sentence is based on a sentencing range that

subsequently has been lowered by the Sentencing Commission; and (2) such a

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

reduction is consistent with applicable policy statements issued by the Sentencing Commission. *See United States v. Waters*, 648 F.3d 1114, 1116 (9th Cir. 2011). Even assuming Andros can satisfy the first requirement, he cannot satisfy the second.

The applicable policy statement provides that a reduction in a defendant's term of imprisonment is not authorized if an amendment to the Sentencing Guidelines "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2). The term "applicable guideline range" refers to the defendant's guideline range *before* application of any departure or variance. *See United States v. Pleasant*, — F.3d. —, 2013 WL 11892, at *3 (9th Cir. Jan. 2, 2013). Andros' pre-variance applicable guideline range was his career offender range under U.S.S.G. § 4B1.1. The Sentencing Commission's amendments to the Guidelines have not lowered that guideline range. *See United States v. Wesson*, 583 F.3d 728, 731 (9th Cir. 2009). Andros is therefore ineligible for a reduction of sentence.

Andros points out that his applicable guideline range has, in fact, been lowered. This reduction, however, results from the Fair Sentencing Act's amendments to 21 U.S.C. § 841 and the operation of § 4B1.1, not from an amendment to the Guidelines Manual. This reduction therefore does not satisfy

2

§ 1B1.10. *See* U.S.S.G. § 1B1.10(a)(2) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if . . . [a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.").[1]

**AFFIRMED.**

---

[1] The court will hold issuance of the mandate in this case until the mandate issues in *United States v. Pleasant*, No. 12-10213, — F.3d. —, 2013 WL 11892 (9th Cir. Jan. 2, 2013).