**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50119 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-01208-AHM |
| v. | |
| JOHN THONARS MCGEE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Submitted July 24, 2013[**]

Before:    ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

John Thonars McGee appeals from the district court's order denying his 18

U.S.C. § 3582(c)(2) motion for reduction of sentence. We have jurisdiction under

28 U.S.C. § 1291. We review de novo whether a district court has authority to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

modify a sentence under section 3582(c)(2). *See United States v. Pleasant*, 704 F.3d 808, 810 (9th Cir. 2013). We affirm.

McGee contends that he is eligible for a sentence reduction under Amendment 750 to the Guidelines, which lowered the offense levels for crimes involving cocaine base under U.S.S.G. § 2D1.1. McGee acknowledges that the district court calculated his advisory range under U.S.S.G. § 4B1.1, the career offender guideline, and that career offenders are not eligible for a sentence reduction under section 3582(c)(2). *See United States v. Wesson*, 583 F.3d 728, 731-32 (9th Cir. 2009). He contends, however, that he is entitled to a reduction because the court relied in part on U.S.S.G. § 2D1.1 in varying downward. The record reflects that the court did not rely on U.S.S.G. § 2D1.1 in varying downward. Even if it had, a reduction in McGee's sentence would not be consistent with U.S.S.G. § 1B1.10(a)(1), which establishes that the applicable Guidelines range is the pre-departure and pre-variance Guidelines range. *See* U.S.S.G. § 1B1.10 cmt. n.1(A) (2011); *Pleasant*, 704 F.3d at 812. Accordingly, the district court lacked authority to reduce McGee's sentence. *See id.*

**AFFIRMED.**