NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2870
_____

UNITED STATES OF AMERICA

v.

TYREN ALI,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 11-cr-00752-001)
District Judge:  Honorable Noel L. Hillman
_____

Submitted Under Third Circuit LAR 34.1(a)
September 27, 2013

Before:  AMBRO, FISHER and HARDIMAN, *Circuit Judges*.

(Filed: September 30, 2013)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Tyren Ali appeals the District Court's judgment of sentence as substantively

unreasonable.  We will affirm.

In December 2011, Ali pleaded guilty to conspiring to distribute crack cocaine, in violation of 21 U.S.C. §§ 841 and 846. The District Court conducted a sentencing hearing in June 2012. Because Ali had three prior drug distribution convictions, he qualified for career offender status under United States Sentencing Guidelines § 4B1.1. Accordingly, his base offense level was 34. *See* USSG § 4B1.1(b)(2). After a three-level reduction for acceptance of responsibility, *see* USSG § 3E1.1, the total offense level was 31. Combined with a criminal history category of VI, Ali's advisory Guidelines range was 188 to 235 months' imprisonment.

At the sentencing hearing, Ali did not dispute the Guidelines calculation or request a downward departure. Instead, he argued for a downward variance on the basis that the career offender Guideline was overly punitive when applied to him. Specifically, Ali argued that the relatively minor nature of his prior drug convictions made application of the career offender Guideline unjust and greater than necessary to meet sentencing objectives. He also noted that his conviction would have been subject to a ten-year maximum term of imprisonment if charges had been brought in state court and thus a sentence within the Guidelines range would create unwarranted sentencing disparities. Finally, Ali's mother and fiancée testified to the positive role that Ali played in their lives and the life of his fiancée's son. After considering these arguments and the 18 U.S.C. § 3553(a) factors, the District Court determined that a within-Guidelines sentence was

appropriate, and sentenced Ali to 204 months' imprisonment followed by five years of supervised release. Ali appealed.

II[1]

On appeal, Ali argues that the District Court's sentence was substantively unreasonable. Our review is for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). "[W]e will affirm . . . unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

Although the District Court acknowledged Ali's arguments for a downward variance, it cited a number of reasons for its decision that a within-Guidelines sentence of 204 months' imprisonment was appropriate. It noted that Ali's long criminal history demonstrated that "even in the face of arrests and convictions and incarceration, [he] is not able to find another way of life." App. 82. The Court detailed Ali's numerous drug arrests and convictions, including two arrests for distribution offenses after he had been convicted and was awaiting sentencing on a third distribution charge. It also observed that in addition to the distribution convictions that provided the predicate for the application of the career offender Guideline, Ali had two convictions for possession offenses that did not qualify as predicates. Given this history and Ali's apparent inability or unwillingness "to do anything with his life other than deal drugs," App. 82, the District

Court found that its sentence provided just punishment for this defendant and this crime, promoted respect for the law, and protected the public from future crimes. These considerations are not unreasonable.

III

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[1] The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).