**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10219 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-00203-CW-34 |
| v. | |
| JAMES EDWARD BAGBY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, Chief District Judge, Presiding

Submitted December 18, 2013[**]

Before:    HUG, FARRIS, and LEAVY, Circuit Judges.

James Edward Bagby appeals pro se from the district court's order denying

his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence.  We review de novo

the issue of whether a district court has the authority to reduce a sentence under 18

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 3582(c)(2). *United States v. Pleasant*, 704 F.3d 808, 810 (9th Cir. 2013). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Bagby contends that he is eligible for a reduction of his sentence under 18 U.S.C. § 3582(c)(2) because his sentence was based on U.S.S.G. § 2D1.1, which subsequently was amended by the Sentencing Commission. However, in accordance with the binding plea agreement, the court did not rely on U.S.S.G. § 2D1.1 to calculate the Guidelines range, but instead relied on the Career Offender guideline, U.S.S.G. § 4B1.1. Therefore, Bagby's sentence was not based on a sentencing range that subsequently has been lowered by the Sentencing Commission. *See United States v. Wesson*, 583 F.3d 728, 730-32 (9th Cir. 2009). In addition, a reduction would not be consistent with the Sentencing Commission's policy statements because the Guidelines range calculated prior to any variance has not been lowered as a result of an amendment. *See* U.S.S.G. § 1B1.10 cmt. n.1(A); *Pleasant*, 704 F.3d at 811-12. Thus, Bagby did not satisfy the criteria required to be eligible for a sentence reduction and the district court did not err when it denied Bagby's motion. *See Wesson*, 583 F.3d at 730-32.

**AFFIRMED**.