**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10202 |
| Plaintiff - Appellee, | D.C. No. 4:08-cr-00304-PJH-1 |
| v. | |
| MAURICE JEROME ST. JAMES, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted April 9, 2014[**]
San Francisco, California

Before: SILVERMAN, W. FLETCHER, and BYBEE, Circuit Judges.

Maurice St. James appeals the district court's order denying his motion for a

sentence reduction under 18 U.S.C. § 3582(c)(2). "We review de novo whether a

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court has jurisdiction to resentence a defendant under 18 U.S.C. § 3582."

*United States v. Pleasant*, 704 F.3d 808, 810 (9th Cir. 2013).  We affirm.[1]

St. James's sentence cannot be reduced under § 3582(c)(2) because it is not "*based on* a sentencing range that has subsequently been lowered by the Sentencing Commission."  *Id.* (quotation marks and citation omitted).  In his plea agreement, St. James stipulated that the career offender guidelines in U.S.S.G. § 4B1.1 would be used to calculate his sentence.  At the sentencing hearing, both the court and St. James's attorney reaffirmed that the agreement adopted the career offender guideline range.  The plea agreement never mentioned the subsequently amended drug quantity tables in U.S.S.G. § 2D1.1.  St. James is ineligible for a sentence reduction under § 3582(c)(2) because his sentence was "based on" the career offender guidelines rather than the drug quantity guidelines.  *See Freeman v. United States*, 131 S. Ct. 2685, 2697–98 (2011) (controlling opinion of Sotomayor, J.); *United States v. Wesson*, 583 F.3d 728, 731 (9th Cir. 2009) ("[W]ith respect to

_____

[1] We need not address whether St. James waived his right to file a § 3582 motion in his plea agreement because the district court expressly invoked its sua sponte authority to decide whether to reduce his sentence.  *See* 18 U.S.C. § 3582(c)(2) ("[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , upon motion of the defendant or the Director of the Bureau of Prisons, *or on its own motion*, the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." (emphasis added)).

the first prong of 18 U.S.C. § 3582(c)(2), a drug offense sentence that is 'based on' a sentencing range calculated under U.S.S.G. § 4B1.1 because the defendant was a career offender cannot have been 'based on' a sentencing range calculated under the § 2D1.1 drug amount table. The two sentencing schemes are mutually exclusive.").

Alternatively, St. James's sentence cannot be altered under § 3582(c)(2) because a reduction would not be "consistent with applicable policy statements issued by the Sentencing Commission." *Pleasant*, 704 F.3d at 810 (quotation marks and citation omitted). The amendment to the drug quantity tables in § 2D1.1 "does not have the effect of lowering the defendant's applicable guideline range," U.S.S.G. § 1B1.10(a)(2), because St. James's "applicable guideline range" is the career offender guidelines in § 4B1.1. *See* U.S.S.G. § 1B1.10 cmt. n.1(a); *Pleasant*, 704 F.3d at 811–12. Application Note 1(a) is consistent with § 3582(c)(2) and the Fair Sentencing Act of 2010, both of which contemplate that the Commission will adopt policy statements defining the scope of the defendant's eligibility for a sentencing reduction. *See* 18 U.S.C. § 3582(c)(2); Fair Sentencing Act of 2010 § 8, Pub. L. No. 111-220, 124 Stat. 2372; *see also Dillon v. United States*, 560 U.S. 817, 826 (2010) (commenting on "[t]he substantial role Congress gave the Commission with respect to sentence-modification proceedings"). The

3

delegation of authority to the Commission to promulgate policy statements and interpretive commentary is consistent with separation-of-powers principles. *See Mistretta v. United States*, 488 U.S. 361, 390 (1989); *United States v. Fox*, 631 F.3d 1128, 1133 (9th Cir. 2011).

**AFFIRMED.**