**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 28 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10326 |
| Plaintiff - Appellee, | D.C. No. 5:10-cr-00209-EJD |
| v. | |
| DANIEL GARCIA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted July 26, 2016[**]

Before:     PREGERSON, LEAVY, and OWENS, Circuit Judges.

Daniel Garcia appeals pro se from the district court's order denying his motion for sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Garcia contends that the district court erred in holding that it did not have authority to reduce his sentence under Guidelines Amendment 782. We review de novo whether a defendant is eligible for a sentence reduction. *See United States v. Pleasant*, 704 F.3d 808, 810 (9th Cir. 2013) *overruled on other grounds by United States v. Davis*, __F.3d__ (9th Cir. 2016) (en banc).

Notwithstanding the terms of his plea agreement, Garcia was determined at sentencing to be a career offender. Thus, the district court correctly concluded that Garcia's applicable Guidelines range was not lowered by Amendment 782 and, as a result, he was ineligible for a sentence reduction. *See id.* at 811-12.

Garcia seeks to avoid this outcome by arguing that *Pleasant* was wrongly decided. We, however, are bound to follow it. *See United States v. Boitano*, 796 F.3d 1160, 1164 (9th Cir. 2015). Furthermore, contrary to Garcia's claim, the application of U.S.S.G. § 1B1.10 to his case does not violate the Ex Post Facto Clause because it does not increase the punishment for his crime over what was imposed when he was sentenced. *See United States v. Waters*, 771 F.3d 679, 681 (9th Cir. 2014).

**AFFIRMED.**