PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4289
_____

UNITED STATES OF AMERICA,

v.

RICHARD MARTIN,

Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-09-cr-00098-001)
District Judge: Honorable David S. Cercone
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 26, 2017

Before: HARDIMAN, ROTH, and FISHER, *Circuit Judges*.

(Filed:  August 15, 2017)

Soo C. Song
Jane M. Dattilo
Rebecca R. Haywood
Michael L. Ivory
Office of the United States Attorney
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
        *Counsel for Plaintiff-Appellee*

Lisa B. Freeland
Samantha L. Stern
Office of the Federal Public Defender
1001 Liberty Avenue, Suite 1500
Pittsburgh, PA 15222
        *Counsel for Defendant-Appellant*

_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Richard Martin appeals an order of the United States District Court for the Western District of Pennsylvania that denied his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). Martin claimed he was entitled to a lesser sentence because of Amendment 782 to the United States Sentencing Guidelines (Guidelines or USSG), but the District Court disagreed because Martin was a career offender. We agree with the District Court that Martin's status as a career offender meant that he was not eligible for a reduced sentence.

I

A

Martin pleaded guilty to possession with intent to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). He and the United States entered into a written plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), colloquially known as a "(C) plea," in which they agreed that Martin's advisory range under the Guidelines was 70 to 87 months' imprisonment and that a sentence of 87 months was appropriate.

Prior to Martin's sentencing, the United States Probation Office prepared a Presentence Investigation Report (PSR) that differed from the Guidelines calculation agreed upon by the parties. According to the Probation Office, Martin's true advisory Guidelines range was 188 to 235 months' imprisonment because Martin was a career offender.

The Government did not object to the PSR, but Martin disagreed that he was a career offender and reserved the right to object to that finding at a later date. As Martin's counsel explained at the sentencing hearing: "I want to make the record clear. I didn't file objections. What I filed was an 11(c)(1)(C) with eighty-seven months. If the Court were not to accept it, I have a number of objections." App. 27–28.

At sentencing, the District Court noted several times that Martin was a career offender. The Court explained: "In this case, the defendant's criminal history includes separate convictions in the Court of Common Pleas of Allegheny County for crimes of aggravated assault, resisting arrest, and fleeing and

alluding [*sic*] a police officer. These convictions, when coupled with his current drug offense, define him as a career offender." App. 23–24. Accordingly, the District Court agreed with the PSR, finding that Martin's total offense level was 31 and his criminal history category was VI, resulting in an advisory Guidelines range of 188 to 235 months. Nevertheless, after considering the sentencing factors enumerated in 18 U.S.C. § 3553, the Court sentenced Martin to 87 months' imprisonment in accordance with Martin's (C) plea.

In its Statement of Reasons, the District Court noted that it had adopted the PSR without change and again identified Martin's sentencing range as 188 to 235 months (the career offender range). After noting that it had imposed a below-Guidelines sentence, the Court explained that it had imposed the sentence agreed upon by the parties. Martin did not appeal his sentence.

B

In 2014, the United States Sentencing Commission promulgated Amendment 782 to the Guidelines, which retroactively reduced by two levels the base offense for many drug quantities, including the drug quantity associated with Martin's offense. *See* USSG app. C., amend. 782 (effective Nov. 1, 2014). In September 2015, Martin filed a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2), citing Amendment 782.

Martin also moved to vacate his sentence under 28 U.S.C. § 2255. He argued that he was no longer a career offender because all three of his predicate offenses qualified as crimes of violence only under the residual clause of USSG

4

§ 4B1.2, and the Supreme Court had invalidated the same residual clause in 18 U.S.C. § 924(e) (the Armed Career Criminal Act) in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Martin asked the District Court to defer ruling on his § 2255 motion until after it had decided whether to reduce his sentence.

The District Court denied Martin's motion, holding that he was ineligible for relief because his Guidelines range was based on his status as a career offender rather than the drug quantity. Martin appealed this order, but asked to stay the briefing schedule pending the District Court's ruling on his § 2255 motion. Martin later withdrew his § 2255 motion after the Supreme Court declined to extend *Johnson* to the Guidelines in *Beckles v. United States*, 137 S. Ct. 886, 890 (2017) (holding that the Guidelines, including the residual clause of § 4B1.2, are not subject to a vagueness challenge under the Due Process Clause). This Court then granted Martin's motion to expedite his appeal.

II

The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291. *United States v. Rodriguez*, 855 F.3d 526, 529–31 (3d Cir. 2017). Because "we are presented with legal questions concerning the proper interpretation of the Sentencing Guidelines," our review is plenary. *United States v. Thompson*, 825 F.3d 198, 203 (3d Cir. 2016) (citation omitted).

III

Under 18 U.S.C. § 3582(c)(2), a district court may reduce a term of imprisonment only if two requirements are met. *Thompson*, 825 F.3d at 203. First, the sentence must have been "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Second, a reduction in sentence must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Under the governing policy statement, defendants qualify for § 3582(c)(2) relief only if an amendment has "the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10(a)(2)(B). In 2011, the Sentencing Commission issued Amendment 759, which amended § 1B1.10 to clarify that a defendant's "applicable guideline range" is "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." *Id.* § 1B1.10 cmt. n.1(A).

The Government has conceded that Martin meets the first requirement for a sentence reduction—his sentence was based on a Guidelines range that was later reduced. As for the second requirement, however, the Government insists that a reduction in Martin's sentence would be inconsistent with applicable policy statements because Martin was a career offender subject to a Guidelines range of 188–235 months' imprisonment. Since that range was not lowered by Amendment 782, Martin is not entitled to a reduction. For his part, Martin claims his applicable range was the one specified in his (C) plea (70–87 months). And because Amendment 782 lowered that range to 57 to 71 months, it follows that Martin is eligible for a sentence reduction.

6

As we shall explain, Martin's applicable Guidelines range was the career offender range. Accordingly, the District Court was correct to find him ineligible for a sentence reduction.

A

Relying principally on the Supreme Court's decision in *Freeman v. United States*, 564 U.S. 522 (2011), Martin argues that the sentencing range set forth in the parties' plea agreement is the sole focus of the § 3582(c)(2) eligibility inquiry. In *Freeman*, the Supreme Court addressed whether a defendant sentenced pursuant to a (C) plea was eligible for a sentence reduction under § 3582(c)(2). *Id.* at 525 (plurality opinion). The specific question was whether such a sentence was "based on" the Sentencing Guidelines for purposes of § 3582(c)(2). *Id.* The Supreme Court held that a sentence imposed following a (C) plea is "based on" the Guidelines if the agreement "expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment," and that sentencing range was subsequently lowered. *Id.* at 534 (Sotomayor, J., concurring in the judgment). We have held that Justice Sotomayor's concurrence expresses the holding of the Court because its holding is narrower than the plurality's. *United States v. Thompson*, 682 F.3d 285, 290 (3d Cir. 2012).

Martin's case differs from *Freeman* in two important respects. For starters, the Government has conceded that Martin's sentence was "based on" the subsequently-lowered drug Guidelines, which was the central issue in *Freeman*. Second, Martin qualified as a career offender under the Guidelines, whereas *Freeman* did not address the career offender issue at all. The question here is whether the parties' agreement that Martin's sentence should be based on the drug

7

Guidelines and the District Court's acceptance of that agreement changed Martin's "applicable guideline range" from the career offender range to the drug offense range.

Although this Court has not yet addressed the question presented, two of our sister courts have done so persuasively. In *United States v. Leonard*, the Court of Appeals for the Second Circuit considered the Guidelines range applicable to a defendant who pleaded guilty pursuant to a (C) plea, for purposes of determining § 3582(c)(2) eligibility. 844 F.3d 102, 104 (2d Cir. 2016). The defendant claimed his applicable range was that specified in his plea agreement. *Id.* at 112. The government argued that the applicable range was the one initially calculated by the district court before it accepted the (C) plea. *Id.* The Second Circuit agreed with the government, holding that the applicable range was "that determined by the court as set forth in the Guidelines, without regard to the parties' agreement to a different calculation, and before the exercise of any departure or variance discretion." *Id.* at 113. After reviewing the definition of "applicable guideline range" in § 1B1.10, the court explained: "[W]hen a district court accepts an 11(c)(1)(C) sentence or sentencing range that is lower than its calculated Guidelines range, what the court effectively does is grant a departure or variance." *Id.* Thus, it concluded that the applicable Guideline range is the one determined by the sentencing court rather than the parties' agreement. *Id.* at 117.

In *United States v. Pleasant*, the Ninth Circuit considered a situation even more similar to Martin's case. 704 F.3d 808 (9th Cir. 2013), *overruled on other grounds by United States v. Davis*, 825 F.3d 1014 (9th Cir. 2016) (en banc). There the defendant pleaded guilty to drug possession after reaching an agreement with the government under Rule 11(c)(1)(C). That

8

agreement recognized that the defendant was a career offender, but "provided instead that his sentence should be at the low end of the guidelines applicable to crack-cocaine offenses." *Id.* at 809. The district court accepted the (C) plea and sentenced the defendant accordingly at the low end of the Guidelines. In light of subsequent amendments to the Guidelines, the defendant moved to reduce his sentence, and the district court granted the motion, relying on *Freeman*. *See id.* at 810. The Ninth Circuit reversed, holding that the defendant's applicable Guidelines range was that of career offenders. *Id.* at 813–14. It explained that the defendant "was only able to avoid the Career Offender guidelines because the district court granted a downward variance" by accepting the plea agreement. *Id.* at 812.[1]

These decisions comport with our precedent considering the interplay between the career offender Guidelines and subsequently-lowered drug Guidelines. In *United States v. Flemming*, 723 F.3d 407 (3d Cir. 2013), for example, the defendant was subject to the career offender designation, but received a downward departure under § 4A1.3. In that case, we held that the "applicable guideline range" for defendants designated as career offenders "is the range calculated pursuant

---

[1] The Ninth Circuit found further support in USSG § 6B1.2 ("Standards for Acceptance of Plea Agreements"), which allows a court to accept (C) plea if "the *agreed sentence* is outside the *applicable guideline range* for justifiable reasons." *Pleasant*, 704 F.3d at 812. Because this provision clearly distinguishes between the "applicable guideline range" and the "agreed sentence," it "confirms that a defendant's applicable range is distinct from the range agreed to in a plea agreement." *Id.*

to the career offender designation of § 4B1.1, and not the range calculated after applying any departure or variance." *Id.* at 412; *see also Thompson*, 825 F.3d at 204 ("Appellants acknowledge that, after Amendment 759, their 'applicable guideline ranges' under the Sentencing Commission's policy statement in § 1B1.10 are their Career Offender Guidelines ranges."); *United States v. Ware*, 694 F.3d 527, 531–32 (3d Cir. 2012) ("All parties to these appeals agree" that "the 'applicable guideline range' for [defendants] would be the guideline range reflecting their *career offender designations*, which were not affected by Amendment 750."); *United States v. Barney*, 672 F.3d 228, 231–32 (3d Cir. 2012) (affirming district court's conclusion that "applicable guideline range" was career offender range and not post-departure drug range).

B

Like the defendants in *Leonard* and *Pleasant*, Martin argues that *Freeman* demands a different conclusion. In *Freeman*, Justice Sotomayor's concurrence stated: "Because it is the parties' agreement that controls in the (C) agreement context, . . . even if the District Court had calculated the range differently than the parties, . . . [the defendant] would still be eligible for resentencing, as long as the parties' chosen range was one that was 'subsequently . . . lowered by the Sentencing Commission.'" 564 U.S. at 542 n.8 (fourth alteration in original) (quoting 18 U.S.C. § 3582(c)(2)); *see also United States v. Smith*, 658 F.3d 608, 613 (6th Cir. 2011) ("Justice Sotomayor's opinion in *Freeman* makes it clear that where the parties have entered into a Rule 11(c)(1)(C) plea agreement that is based on the Sentencing Guidelines, the applicable Guidelines range for purposes of § 3582(c) is the one provided in the plea agreement."). Based on this language in *Freeman*, Martin

contends that the terms of his (C) plea alone should govern the § 3582(c)(2) eligibility analysis. We do not agree that *Freeman* compels such a result.

As discussed, *Freeman* established that a defendant's sentence is "based on" the Guidelines agreed to in the parties' (C) plea. 564 U.S. at 538–39 (Sotomayor, J., concurring in the judgment). *Freeman* did not, however, decide what constitutes the "applicable guideline range" for purposes of a § 3582(c)(2) reduction. The stipulated sentence in the parties' agreement was within the Guidelines range calculated by the district court, and that range had been lowered by retroactive amendment. *Id.* at 527–28 (plurality opinion).

For that reason, *Freeman* sheds no light on *how* to identify the "applicable guideline range" when the district court calculates that range differently from the parties in their (C) plea, and the controlling concurrence's footnote considering such a circumstance "is at best *dictum*." *Leonard*, 844 F.3d at 114. Moreover, after *Freeman* was decided, the Sentencing Commission issued Amendment 759, which defined "applicable guideline range" as the range calculated before any departure or variance. *See* USSG § 1B1.10 cmt. n.1(A). As the Second Circuit explained, this amendment provided for the *court* to calculate the applicable range according to the Guidelines Manual and "does not contemplate that the parties will themselves identify the applicable Guidelines range, much less that they will do so differently than the district court." *Leonard*, 844 F.3d at 115; *see also Pleasant*, 704 F.3d at 813 ("*Freeman* did not hold that a defendant's agreed sentencing range is necessarily the same as his applicable sentencing range and, even if it did, *Freeman* would have been abrogated by Amendment 759's clarification of the definition of 'applicable

11

guidelines.'"); *Ware*, 694 F.3d at 534 n.4 ("*Freeman* was decided prior to the amendment of the Guidelines commentary that added the language at issue in these appeals.").

As determined by the District Court, Martin's applicable Guidelines range was the career offender range of 188 to 235 months. And because that range has not been lowered by any amendment to the Guidelines, Martin was not eligible for a sentence reduction pursuant to § 3582(c)(2).

\* \* \*

For the reasons stated, we will affirm the judgment of the District Court.

12