**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>DANNY PEREDA, AKA T-Mighty,<br><br>Defendant-Appellant. | No. 19-10041<br><br>D.C. No. 2:11-cr-00119-WBS-5<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted December 11, 2019[**]

Before:    WALLACE, CANBY, and TASHIMA, Circuit Judges.

Danny Pereda appeals pro se from the district court's order denying his

motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Pereda argues that he is entitled to a sentence reduction under Amendment

782.  We review de novo whether a district court has authority to modify a

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

sentence under section 3582(c)(2). *See United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009). As the district court concluded, Pereda was sentenced as a career offender under U.S.S.G. § 4B1.1. Contrary to Pereda's assertion, the fact that the parties stipulated to, and the district court accepted, a sentence below the career-offender guideline range does not make him eligible for a reduction. For purposes of a sentence reduction motion, the "applicable" guideline range is the pre-variance range. *See* U.S.S.G. § 1B1.10 cmt. n.1(A); *United States v. Pleasant*, 704 F.3d 808, 811-12 (9th Cir. 2013), *overruled on other grounds by United States v. Davis*, 825 F.3d 1014 (9th Cir. 2016) (en banc). Because the pre-variance range here was the career-offender range, which was not lowered by Amendment 782, Pereda is ineligible for a sentence reduction. *See Pleasant*, 704 F.3d at 812; *Wesson*, 583 F.3d at 731.

Pereda's remaining claims are outside the scope of this section 3582(c)(2) proceeding. *See Dillon v. United States*, 560 U.S. 817, 831 (2010).

**AFFIRMED.**