**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10009 |
| Plaintiff-Appellee, | D.C. No. 5:11-cr-00711-EJD-1 |
| v. | |
| ENRIQUE LOPEZ QUINTERO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted March 6, 2020[**]

Before: FARRIS, TROTT, and SILVERMAN, Circuit Judges.

Enrique Lopez Quintero appeals pro se from the district court's order

denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We

have jurisdiction under 28 U.S.C. § 1291. We review de novo whether the district

court had authority to reduce Quintero's sentence under section 3582, *see United*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009), and we affirm.

Quintero contends that he is eligible for a sentence reduction because Amendment 782 to the Sentencing Guidelines, which amended the drug quantity tables in U.S.S.G § 2D1.1, lowered the Guidelines range contained in his binding plea agreement. However, even assuming arguendo that Quintero's sentence was "based on" the Guidelines range calculated in the plea agreement, he would still not be eligible for a reduction because Amendment 782 did not lower the Guidelines range "applicable to" him. *See* U.S.S.G. § 1B1.10(a)(2) (sentence reduction is not authorized under section 3582(c)(2) unless a listed amendment lowers the Guidelines range "applicable to" the defendant). The "applicable" Guidelines range is the correctly calculated, pre-variance range. *See* U.S.S.G. § 1B1.10(a)(1) & cmt. n.1(A); *United States v. Pleasant*, 704 F.3d 808, 811-12 (9th Cir. 2013), *overruled on other grounds by United States v. Davis*, 825 F.3d 1014 (9th Cir. 2016). Here, there is no dispute that Quintero was properly determined to be a career offender under the Guidelines. Thus, as the district court correctly concluded, the applicable range was the career offender range. Because that range was not lowered by Amendment 782, Quintero is not eligible for a sentence reduction. *See* 18 U.S.C. § 3582(c)(2); *Pleasant*, 704 F.3d at 812.

**AFFIRMED.**

19-10009