**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 20-3326

———————

UNITED STATES OF AMERICA

v.

TYREN ALI,
                    Appellant

———————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1:11-cr-00752-001)
District Judge: Honorable Noel L. Hillman

———————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on June 22, 2021

Before: SMITH, Chief Judge†, MATEY and FISHER, *Circuit Judges*.

(Opinion filed: May 10, 2022)

———————

OPINION*

———————

† Judge Smith was Chief Judge at the time this appeal was submitted. Judge Smith completed his term as Chief Judge and assumed senior status on December 4, 2021.

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

Tyren Ali challenges the District Court's denial of his motion for a reduced sentence. Finding no error, we will affirm.

**I.**

Ali pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 846. With six prior felony drug convictions, he qualified as a "career offender" under the Sentencing Guidelines, producing an advisory sentencing range of 188 to 235 months. *See* U.S.S.G. § 4B1.1(a) The District Court sentenced Ali to 204 months of imprisonment with five years of supervised release, a decision we affirmed. *United States v. Ali*, 537 F. App'x 117, 119 (3d Cir. 2013).

In April 2020, Ali submitted requests for "home confinement" because of the COVID-19 pandemic to the warden at his Federal Correctional Institution and the District Court. The warden denied the request. Before the District Court responded, Ali filed another motion, seeking a sentence reduction under 18 U.S.C. § 3582(c)(2). The District Court consolidated the motions and purported to deny them in a single form order titled "Order Regarding Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2). This timely appeal followed.

But we ran into a problem when considering Ali's appeal: the District Court's Order did not mention the motion for home confinement.[‡] So we issued a limited remand in June

---

[‡] A point raised by the Government in a letter to the District Court asking 1) whether the District Court provided an oral explanation, and 2) if so, if the explanation could be transcribed and placed on the docket. *See United States v. Ali*, No. 1:11-cr-00752, ECF No. 68 (D.N.J. Feb. 19, 2021).

2021 asking the District Court for clarification. Then, in April 2022, Ali moved to voluntarily dismiss the home confinement claim. Because his dismissal moots the issue on remand, we address Ali's motion for a sentence reduction.[§]

**II.**

We review a decision denying a sentencing reduction motion for an abuse of discretion. *United States v. Mateo*, 560 F.3d 152, 154 & n.2 (3d Cir. 2009). That means "we will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020) (cleaned up).

We find no error. A term of incarceration may be reduced if the sentence was imposed using a Guidelines range that was "subsequently . . . lowered by the Sentencing Commission." § 3582(c)(2). Ali argues a reduction is justified by Amendment 782 to the Guidelines, which "reduced the Guidelines' base offense levels for certain drug offenses" with retroactive application. *Koons v. United States*, 138 S. Ct. 1783, 1788 (2018); *see also* U.S.S.G. § 2D1.1(c); U.S.S.G. app. C, amend. 782 (2014). But Amendment 782 did not reduce the career offender Guidelines range, and Ali was sentenced within that range. *See United States v. Martin*, 867 F.3d 428, 431 (3d Cir. 2017). That makes Ali ineligible.

---

[§] The District Court had jurisdiction under 18 U.S.C. § 3582(c) and we have jurisdiction pursuant to 28 U.S.C. § 1291.

## III.

The District Court did not abuse its discretion in determining that Ali was ineligible for a reduced sentence. So we will affirm its order denying relief.