**FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 03 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10522 |
| Plaintiff - Appellee, | D.C. No. 2:03-cr-00284-JAM-1 |
| v. | |
| HECTOR ORNELAS, | OPINION |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted May 13, 2016
San Francisco, California

Before: Andrew J. Kleinfeld, Sandra S. Ikuta, and Paul J. Watford, Circuit Judges.

Opinion by Judge Ikuta:

Hector Ornelas appeals the district court's order denying his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). He argues that the district court erred in calculating the guideline range that applied to him at sentencing because it did not take into account a downward departure to his criminal history, *see* U.S.S.G. § 4A1.3. Had the court included this downward departure, Ornelas

argues, he would have been eligible for a sentence reduction. We have jurisdiction

under 28 U.S.C. § 1291 and review de novo whether a district court has

jurisdiction to resentence a defendant under § 3582. *See United States v. Pleasant*,

704 F.3d 808, 810 (9th Cir. 2013). We hold that the district court was correct to

calculate the guideline range that applied to Ornelas at sentencing without taking

into account the § 4A1.3 downward departure, and we therefore affirm.

I

Before addressing the facts of this case, we explain the framework for

analyzing Ornelas's argument that the district court erred in declining to reduce his

sentence.

"As a general matter, courts may not alter a term of imprisonment once it

has been imposed." *United States v. Hicks*, 472 F.3d 1167, 1169 (9th Cir. 2007),

*abrogated on other grounds by Dillon v. United States*, 560 U.S. 817 (2010).

Congress has created an exception to this rule in 18 U.S.C. § 3582(c)(2).[1] Under

---

[1]Section 3582(c)(2) provides:
[I]n the case of a defendant who has been sentenced to a term of
imprisonment based on a sentencing range that has subsequently been
lowered by the Sentencing Commission ..., upon motion of the defendant
or the Director of the Bureau of Prisons, or on its own motion, the court
may reduce the term of imprisonment, after considering the factors set
forth in section 3553(a) to the extent that they are applicable, if such a
reduction is consistent with applicable policy statements issued by the
(continued...)

this section, a court may reduce a defendant's term of imprisonment if (1) the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" by an amendment to the Guidelines[2] and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).

The "applicable policy statement" relevant here is § 1B1.10 of the Sentencing Guidelines.  *See Pleasant*, 704 F.3d at 809–10.  Under this section, if "a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment" that is listed in § 1B1.10(d),[3] the court has the discretion to "reduce the defendant's term of imprisonment" consistent with § 1B1.10.  U.S.S.G. § 1B1.10(a)(1).

---

[1](...continued)
Sentencing Commission.

[2]The parties do not address the first prong of § 3582(c)(2), which requires the defendant to have been sentenced "based on" a sentencing range lowered by an amendment to the Guidelines.

[3]U.S.S.G. § 1B1.10(d) provides:  "Covered Amendments.—Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, 750 (parts A and C only), and 782 (subject to subsection (e)(1))."

3

In order to determine the defendant's eligibility under this section, the court must determine "the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines" listed in § 1B1.10(d) "had been in effect at the time the defendant was sentenced." *Id.* § 1B1.10(b)(1).[4] In determining this amended guideline range, the court substitutes the new amendment "for the corresponding guideline provisions that were applied when the defendant was sentenced," but must "leave all other guideline application decisions unaffected." *Id.* After the court calculates the amended guideline range, it must determine whether the defendant's term of imprisonment is greater or less than the minimum of this amended guideline range. Under § 1B1.10(a)(2)(B), "[a] reduction in the defendant's term of imprisonment" is not authorized if the new amendment "does not have the effect of lowering the defendant's applicable

---

[4]U.S.S.G. § 1B1.10(b)(1) provides:
In General.--In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) [Covered Amendments] had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

4

guideline range." *Id*. § 1B1.10(a)(2)(B).[5]  Therefore, if the defendant's term of imprisonment is less than the minimum of the amended guideline range, then the defendant is ineligible for a sentence reduction.

Before 2011, the Guidelines did not provide guidance on how a court should determine the applicable guideline range under § 1B1.10.  The Second, Third, and Fourth Circuits agreed that at a minimum, the applicable guideline range included a reduction in a defendant's criminal history category, as allowed under § 4A1.3 (2009) ("Departures Based on Inadequacy of Criminal History Category (Policy Statement)"), if such a criminal history category "substantially over-represents the seriousness of the defendant's criminal history," *id*. § 4A1.3(b)(1).  *See United States v. Flemming*, 617 F.3d 252, 271–72 (3rd Cir. 2010); *United States v. Munn*, 595 F.3d 183, 194–95 (4th Cir. 2010); *United States v. McGee*, 553 F.3d 225, 228–30 (2d Cir. 2009).  These courts generally reasoned as follows:  When a sentencing court follows the Guidelines' seven steps for calculating a defendant's applicable guideline range, § 1B1.1(a)–(g) (2009), the sentencing court must

---

[5]U.S.S.G. § 1B1.10(a)(2)(B) provides:
Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if— . . . (B) [a]n amendment listed in subsection (d) [Covered Amendments] does not have the effect of lowering the defendant's applicable guideline range.

determine the defendant's criminal history category at step six, § 1B1.1(f).[6]

According to the Fourth Circuit, a sentencing court deciding to apply a departure under § 4A1.3 is merely determining the defendant's correct criminal history category at step six, before calculating the guideline range that corresponds to the "offense level and criminal history category determined above" at step seven, § 1B1.1(g). *See Munn*, 595 F.3d at 192–93. Therefore, in determining whether a new amendment has lowered the guideline range applicable to the defendant, *Munn* explained, the sentencing court should look at the guideline range as calculated with the criminal history category that was determined after the § 4A1.3 departure. *Id.*; *see also Flemming*, 617 F.3d at 268–69 (noting a similar rationale for determining the guideline range applicable to a defendant for purposes of § 1B1.10(a)). The Third Circuit explained that to the extent the guidelines are ambiguous regarding how to determine the guideline range applicable to a

---

[6]U.S.S.G. § 1B1.1(f) (2009) provides: "Determine the defendant's criminal history category as specified in Part A of Chapter Four. Determine from Part B of Chapter Four any other applicable adjustments." Part A of Chapter Four sets forth the method for determining criminal history. It includes § 4A1.3, "Departures Based on Inadequacy of Criminal History Category (Policy Statement)." Part B of Chapter Four provides adjustments for Career Offenders and other recidivists.

U.S.S.G. § 1B1.1(g) (2009) provides "Determine the guideline range in Part A of Chapter Five that corresponds to the offense level and criminal history category determined above."

defendant, a court must "apply the rule of lenity and resolve the conflict in the defendant's favor." *Flemming*, 617 F.3d at 269–72 & n.26 (quoting *Munn*, 595 F.3d at 194); *see also McGee*, 553 F.3d at 229 (applying the rule of lenity in holding the same).

On the other side of this split, the Sixth, Eighth, and Tenth Circuits held that the guideline range applicable to a defendant is the range that the district court calculated before granting any departures, including the downward departure allowed by § 4A1.3. These circuits noted that "departure" is defined "for purposes of § 4A1.3" as the "assignment of a criminal history category other than the otherwise applicable criminal history category, in order to effect a sentence outside the applicable guideline range." U.S.S.G. § 1B1.1 cmt. n.1(E). Because a departure by definition takes the sentence "outside the applicable guideline range," a court must determine the applicable guideline range before any departures were granted. *See, e.g.*, *United States v. Pembrook*, 609 F.3d 381, 385–86 (6th Cir. 2010); *United States v. Darton*, 595 F.3d 1191, 1196–97 (10th Cir. 2010); *United States v. Blackmon*, 584 F.3d 1115, 1116 (8th Cir. 2009) (per curiam).

In 2011, the Commission issued Amendment 759, which amended § 1B1.10 Application Note 1 to address this circuit split. As the Commission explained in its statement of reasons, the "First, Second, and Fourth Circuits have held that, for

§ 1B1.10 purposes, at least some departures (*e.g.*, departures under § 4A1.3 (Departures Based on Inadequacy of Criminal History Category) (Policy Statement)) are considered before determining the applicable guideline range, while the Sixth, Eighth, and Tenth Circuits have held that the only applicable guideline range is the one established before any departures." U.S.S.G. supp. app'x C, amend. 759 (Reason for Amendment) (internal quotation marks omitted). The Commission stated that its amendment "adopts the approach of the Sixth, Eighth, and Tenth Circuits and amends Application Note 1 to clarify that the applicable guideline range referred to in § 1B1.10 is the guideline range determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." *Id*. The Commission noted that this approach was also consistent with its 2010 amendment to § 1B1.1 (the instructions for determining the appropriate guidelines range), which had clarified that a court first determines the guideline range and then considers "the policy statements and commentary to determine whether a departure is warranted." *Id.* § 1B1.1(b); *see also* U.S.S.G. supp. app'x C, amend. 759 (Reason for Amendment) ("As amended, subsection (a) addresses how to apply the provisions in the Guidelines Manual to properly determine the kinds of sentence and the guideline range. Subsection (b) addresses the need to consider the policy

8

statements and commentary to determine whether a departure is warranted." (quoting U.S.S.G. supp. app'x C, amend. 741 (Reason for Amendment))).

As amended, Application Note 1 to § 1B1.10 now states: "Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range (*i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance*)." U.S.S.G. § 1B1.10 cmt. n.1(A) (effective Nov. 1, 2011) (emphasis added).

As a result of the Sentencing Commission's Amendment 759, all circuits that have addressed the issue after 2011, including those on the wrong side of the circuit split, have recognized that a court must not consider any departures or variances (including departures under § 4A1.3) in determining the applicable guideline range for purposes of § 1B1.10. *See United States v. Hogan*, 722 F.3d 55, 59–61 (1st Cir. 2013); *United States v. Montanez*, 717 F.3d 287, 292–94 (2d Cir. 2013); *United States v. Flemming*, 723 F.3d 407, 411–13 (3rd Cir. 2013); *United States v. Boyd*, 721 F.3d 1259, 1262–64 (10th Cir. 2013); *United States v. Hargrove*, 732 F.3d 1253, 1254 n.1 (11th Cir. 2013). In *Montanez*, for instance, the Second Circuit rejected the defendants' argument that § 1B1.1 required a

9

sentencing court to apply a departure under § 4A1.3 as part of the calculation of criminal history before determining the defendant's applicable guideline range, because "the Commission has foreclosed the exact approach" that the defendants were advocating. 717 F.3d at 294. Similarly, the Third Circuit acknowledged that its prior reading of the Guidelines was superseded by the new definition of "applicable guidelines range" and that the language of the amendment "makes clear that regardless of when a § 4A1.3 departure is calculated, that departure is ignored for purposes of determining the 'applicable guideline range.'" *Flemming*, 723 F.3d at 412. Therefore, the court held that the "applicable guideline range" is "the range calculated pursuant to the career offender designation of § 4B1.1, and not the range calculated after applying any departure or variance." *Id.*

We have likewise concluded that the "applicable guideline" range for purposes of a sentencing reduction under § 3582(c)(2) "is derived pre-departure and pre-variance." *Pleasant*, 704 F.3d at 812. *Pleasant* held that a defendant who qualified as a career offender (a defendant who has a criminal history category of Category VI), but who was sentenced under a crack-cocaine guideline range—which was later amended—pursuant to a plea agreement, nevertheless was ineligible for a sentencing reduction because his "applicable guideline range" for purposes of § 1B1.10 was the career offender guideline range. *Id*. at 811–12. In so

10

holding, we relied on the plain language of the Commission's amended Application Note 1(A), which states the applicable range is "determined before consideration of any departure provision," and that the Commission added the relevant language to resolve the circuit split in favor of courts that held the same. *Id*. at 812. Although *Pleasant* did not address the situation where a court had granted a defendant a departure from the defendant's criminal history category under § 4A1.3, its reasoning is applicable in this context as well.

## II

We now turn to the facts of this case. Hector Ornelas was arrested after he was spotted leaving 766 grams of methamphetamine in a red and white cooler at a house in Sacramento, California. In March 2004, he pleaded guilty to: (1) possession with intent to distribute at least 500 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (2) being a deported alien found in the United States in violation of 8 U.S.C. § 1326(a).

The presentence investigation report (PSR) made the following calculations. First, it determined the base offense level for a violation of § 841(a)(1). Under the drug quantity table set forth at § 2D1.1(c)(2), offenses involving at least 500 grams but less than 1.5 kilograms of methamphetamine were assigned a base offense

level of 36.[7] This base offense level was reduced three points for an adjustment for acceptance of responsibility, *see* § 3E1.1, leading to a total offense level of 33. The PSR calculated Ornelas's criminal history score of 14, establishing a criminal history category of VI. A total offense level of 33 and a criminal history category of VI corresponded to a resulting guideline range of 235 to 293 months. The PSR also noted that the plea agreement stated the criminal history category VI was overstated and recommended a category IV, which corresponded to a guideline sentencing range of 188 to 235 months.

On June 29, 2004, the district court held a sentencing hearing and determined that the total offense level was 33, that a criminal history category of VI was appropriate, but that a downward departure was also appropriate because the record overstated Ornelas's criminal history. The court then imposed a term of 178 months.[8]

---

[7]Under § 3D1.4 (providing directions for determining the combined offense level when there are multiple counts) the § 1326(d) conviction did not add to the base offense level.

[8]Although the record is not entirely clear, the parties do not dispute that the court granted this departure pursuant to § 4A1.3. The district court did not identify the criminal history category it deemed to be applicable to Ornelas under this departure.

In November 2014, the Sentencing Commission promulgated Amendment 782, which generally amended the drug quantity table in § 2D1.1(c) to reduce the base offense levels assigned to specified quantities of specified controlled substances by two levels. *See* U.S.S.G. supp. app'x C, amend. 782. This amendment is listed in § 1B1.10(d) as a "covered amendment," and the Sentencing Commission authorized district courts to apply Amendment 782 retroactively. *See* U.S.S.G. supp. app'x C, amend. 788.

Because Amendment 782 would have applied to his sentence, Ornelas filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). After hearing argument, the district court denied the motion. It stated that at the 2004 sentencing hearing, the sentencing court found that Ornelas had a total offense level of 33 and a criminal history of VI, resulting in a guideline range of 235 to 293 months, but the sentencing court then imposed a 178-month sentence. Under Amendment 782, Ornelas would have a total offense level of 31. Substituting this offense level for the original offense level of 33, and leaving "all other guidelines application decisions unaffected," U.S.S.G. § 1B1.10(b)(1), the court calculated that a total offense level of 31 and a criminal history of VI resulted in a guideline range of 188 to 235 months. Because Ornelas's sentence of 178 months was less than the minimum of the amended applicable guideline range (188 months), as determined

13

pre-departure and pre-variance, the court determined that Ornelas was not eligible for a reduction. Ornelas timely appealed.

On appeal, Ornelas argues that the district court erred by not including a § 4A1.3 downward departure in calculating the applicable guideline range for purposes of § 3582(c)(2) and § 1B1.10. Specifically, Ornelas contends that in sentencing him to a 178-month term of imprisonment, the sentencing court used a criminal history category of III (after departing from the criminal history category of VI pursuant to § 4A1.3), and a total offense level of 33, resulting in a guideline range of 168 to 210 months of imprisonment. Amendment 782 lowers his total offense level to 31, and with a criminal history category of III, this would result in a range of 135 to 168 months. Since the minimum of the amended guideline range applicable to Ornelas (135 months) is less than his actual term of imprisonment (178 months), according to Ornelas, the district court should have found he is eligible for a reduction.

In making this argument, Ornelas relies on the pre-2011 decisions in the First, Second, Third, and Fourth Circuits, which had held that a § 4A1.3 departure is incorporated into the applicable guideline range for purposes of § 1B1.10 because it is part of the "guideline range that corresponds to the offense level and

14

criminal history category determined pursuant to § 1B1.1(a)," as defined by Application Note 1(A). *See* U.S.S.G. § 1B1.10 cmt. n.1(A). He also argues, again echoing those pre-2011 decisions, that § 1B1.10 is ambiguous, so the Guidelines should be interpreted in his favor in light of the rule of lenity. Ornelas acknowledges that after Amendment 759 was issued in 2011, every circuit that has ruled on this issue has rejected these arguments. He also acknowledges that we have held the applicable guideline range must be determined before applying departures or variances. *See Pleasant*, 704 F.3d at 812. Nevertheless, as he notes, we have not directly ruled that a court must determine the applicable guideline range before considering any downward departure under § 4A1.3.

We now do so. We defer to the Application Notes, *see Stinson v. United States*, 508 U.S. 36, 38 (1993), and look to the Commission's statements of reason for guidance, *see Boyd*, 721 F.3d at 1263–64; *see also Pleasant*, 704 F.3d at 812 (relying on the Sentencing Commission's statement of reasons for Amendment 759); *Hogan*, 722 F.3d at 61 (same); *Montanez*, 717 F.3d at 294 (same); *Flemming*, 723 F.3d at 413 (same). A defendant is eligible for a sentence reduction under § 3582(c)(2) only if a new amendment lowers the "applicable guideline range," which must be determined "before consideration of any departure provision in the Guidelines Manual." U.S.S.G. § 1B1.10 cmt. n.1(A). Section 4A1.3 is identified

15

as a departure provision, *see* § 4A1.3 ("Departures Based on Inadequacy of Criminal History Category (Policy Statement))."  For purposes of § 4A1.3, the term "departure" has the meaning given that term in 1B1.1, *see* U.S.S.G. § 4A1.3 cmt. n.1, and § 1B1.1 defines departure "for purposes of §4A1.3" as the "assignment of a criminal history category other than the otherwise applicable criminal history category, in order to effect a sentence outside the applicable guideline range."  U.S.S.G. § 1B1.1 cmt. n.1(E).  Because § 4A1.3 is a "departure" that effects a sentence "outside the applicable guideline range," the applicable guideline range for purposes of § 1B1.10 must be determined before considering § 4A1.3.  Further, the Commission's November 2010 amendment to § 1B1.10 makes clear that this interpretation is consistent with § 1B1.1.  *See* U.S.S.G. supp. app'x C, amend. 741 (Reason for Amendment).  Section 4A1.3 is identified as a policy statement, and under the current version of § 1B1.1, a court must first determine the applicable guideline range, *id.* § 1B1.1(a), and only then consider any "policy statements" that might warrant consideration, *id.* § 1B1.1(b).  Accordingly, we conclude that for purposes of determining a defendant's eligibility for a sentence reduction under § 3582(c) and § 1B1.10, a court must calculate the guideline range applicable to the defendant before considering any departure, including a departure under § 4A1.3.  Our conclusion is supported by the

16

Commission's statement that it amended Application Note 1(A) of § 1B1.10 to resolve a circuit split on this very issue, by the fact that every other circuit that has addressed this issue after Amendment 759 is in agreement, and by our binding precedent, *see Pleasant*, 704 F.3d at 812.

Because the district court here correctly determined Ornelas's applicable guideline range by using the criminal history category applicable to Ornelas before consideration of a downward departure under § 4A1.3, it did not err in concluding that Ornelas was not eligible for a sentence reduction under § 3582(c).[9]

**AFFIRMED**.

---

[9]Ornelas argues that, in the alternative, application of § 1B1.10(b)(1) violates the Ex Post Facto Clause of the United States Constitution. We have already rejected that argument. *United States v. Waters*, 771 F.3d 679, 680–81 (9th Cir. 2014).

## COUNSEL

John Balazs (argued), Sacramento, California, for defendant-appellant.

Benjamin B. Wagner, United States Attorney, Camil A. Skipper, Assistant United States Attorney, Jason Hitt (argued), Assistant United States Attorney, for plaintiff-appellee.