NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 23 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30349 |
| Plaintiff-Appellee, | D.C. No. 1:09-cr-00130-BMM |
| v. | |
| DRURY HILL, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted January 18, 2017[**]

Before:      TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Drury Hill appeals from the district court's order denying his motion for a

sentence reduction under 18 U.S.C. § 3582(c)(2).  We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

Hill contends that the district court erred by using the undisputed guideline

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

range calculated at sentencing, rather than the lower range calculated in his plea agreement, to determine his applicable guideline range. Reviewing de novo, *see United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009)*,* we conclude that the district court properly denied Hill relief. For purposes of a motion for a sentence reduction, the applicable guideline range is the pre-departure, pre-variance range calculated by the court at sentencing. *See* U.S.S.G. § 1B1.10 cmt. n.l(A); *United States v. Ornelas*, 825 F.3d 548, 554-55 (9th Cir. 2016) (applicable guideline range does not include criminal history category departure). This is true even when a binding plea agreement calculates a lower range to cover the stipulated sentence. *See United States v. Pleasant*, 704 F.3d 808, 811-12 (9th Cir. 2013) (applicable guideline range was career offender range notwithstanding lower range calculated in the plea agreement), *overruled on other grounds by United States v. Davis*, 825 F.3d 1014 (9th Cir. 2016) (en banc). Here, the record reflects that the court correctly calculated an undisputed guideline range of 262 to 327 months, but agreed to vary downward to impose the stipulated sentence, which was in the middle of the lower range calculated in the plea agreement. Under these circumstances, the court correctly determined that the applicable guideline range was 262 to 327 months, and the amended guideline range was 210 to 262 months.

15-30349

Because Hill received a 210-month sentence for his drug offense, he is ineligible for a reduction. *See* U.S.S.G. § 1B1.10(b)(2)(A) (a sentence may not be reduced below the minimum of the amended guideline range).

Hill's contention that he is entitled to withdraw his guilty plea is outside the scope of this proceeding. *See Dillon v. United States*, 560 U.S. 817, 825-26 (2010).

**AFFIRMED.**

15-30349