NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. SHANE DOUGLAS HOSKINS, Defendant-Appellant. | No. 16-30289 D.C. No. 9:04-cr-00035-DWM MEMORANDUM* |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted September 26, 2017**

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Shane Douglas Hoskins appeals pro se from the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Hoskins contends that he is entitled to a sentence reduction under Amendment 782 to the Sentencing Guidelines. We review de novo whether a district court had authority to modify a sentence under section 3582(c)(2). *See United States v. Leniear,* 574 F.3d 668, 672 (9th Cir. 2009). Contrary to Hoskins's argument, his guidelines range remained life even under Amendment 782. Thus, his sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), and the district court correctly concluded that he was ineligible for a sentence reduction. *See Leniear*, 574 F.3d at 673; *see also United States v. Ornelas*, 825 F.3d 548, 552-53 (9th Cir. 2016) (defendant's applicable guideline range is determined without consideration of any departure or variance). Hoskins's argument that the court nevertheless had discretion to grant a sentence reduction under 18 U.S.C. § 3553(a) is without merit. *See Dillon v. United States*, 560 U.S. 817, 825-30 (2010).

**AFFIRMED.**