NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 15 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10296 |
| Plaintiff-Appellee, | D.C. No. 3:94-cr-00470-EMC-1 |
| v. | |
| ROBERT WILLIAM BARROCA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted December 5, 2017
San Francisco, California

Before: OWENS and FRIEDLAND, Circuit Judges, and BUCKLO,** District
Judge.

Defendant Robert William Barroca appeals from the district court's order

denying his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and

Amendment 782 to the U.S. Sentencing Guidelines. As the parties are familiar

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The Honorable Elaine E. Bucklo, United States District Judge for the
Northern District of Illinois, sitting by designation.

with the facts, we do not recount them here.  We affirm the district court.

To be eligible for reduction, a sentence must be "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  The Sentencing Commission's applicable policy statements are articulated at U.S. SENTENCING GUIDELINES MANUAL ("U.S.S.G.") § 1B1.10.  *See United States v. Ornelas*, 825 F.3d 548, 550 (9th Cir. 2016).  Section 1B1.10(a)(2)(B) states that a reduction is not consistent with this policy statement if the amendment "does not have the effect of lowering the defendant's applicable guideline range."

Amendment 782 cannot lower Barroca's guideline range.  Under the 2004 sentencing table, Barroca's adjusted offense level of 39, with a criminal history category of VI, corresponded to a guideline range of 360 months to life.  *See* U.S.S.G. ch. 5 pt. A (U.S. SENTENCING COMM'N 2004).[1]  Amendment 782 amended § 2D1.1 to reduce by two points the base offense level for certain drug types and quantities.  U.S.S.G. app. C, amend. 782 (U.S. SENTENCING COMM'N,

---

[1]    We reject Barroca's attempt to characterize as unclear the original sentencing court's determination that Barroca had an adjusted offense level of 39 and criminal history category of VI.  The sentencing court clearly stated this finding on the record, and we decline to reinterpret the court's findings to "make [them] irrelevant to [Barroca's] sentencing."  *United States v. Spears*, 824 F.3d 908, 914 (9th Cir. 2016).

2014); *see also United States v. Mercado-Moreno*, 869 F.3d 942, 949–50 (9th Cir. 2017) (noting that Amendment 782 increased the quantity of actual methamphetamine required to trigger the maximum base offense level from 1.5 kilograms to 4.5 kilograms). Amendment 782 would therefore only result in a two-point reduction in Barroca's base offense level, leaving him with an adjusted offense level of 37. With his category VI criminal history, under the 2004 sentencing table, Barroca's guideline range would still be 360 months to life. *See* U.S.S.G. ch. 5 pt. A (2004). Accordingly, Amendment 782 does not lower Barroca's guideline range, and a reduction in his sentence is inconsistent with the policy statements issued by the Sentencing Commission. *See* U.S.S.G. § 1B1.10(a)(2)(B); *see also Ornelas*, 825 F.3d at 554–55 (explaining that § 1B1.10(a)(2)(B) prohibited resentencing because the defendant's post-amendment offense level resulted in a higher applicable guideline range than the term to which he was originally sentenced). Barroca is therefore ineligible for resentencing.

**AFFIRMED.**