**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

APR 6 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10542 |
| Plaintiff-Appellant, | D.C. No. 4:09-cr-00203-CW-1 |
| v. | |
| DESEAN NATHANIEL GARDNER, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Argued and Submitted March 15, 2018
San Francisco, California

Before: WATFORD and FRIEDLAND, Circuit Judges, and RAKOFF,** Senior
District Judge.

The Government appeals the district court's order granting the *pro se* motion

of defendant Desean Nathaniel Gardner for a sentence reduction pursuant to 18

U.S.C. § 3582(c)(2) and U.S. Sentencing Guidelines Manual ("USSG")

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The Honorable Jed S. Rakoff, Senior United States District Judge for the
Southern District of New York, sitting by designation.

Amendment 782, which reduced the offense levels assigned to drug quantities in USSG § 2D1.1 (U.S. Sentencing Comm'n 2016). We reverse.

Although courts generally "may not alter a term of imprisonment once it has been imposed," *United States v. Ornelas*, 825 F.3d 548, 549 (9th Cir. 2016) (*quoting United States v. Hicks*, 472 F.3d 1167, 1169 (9th Cir. 2007), *abrogated on other grounds by Dillon v. United States*, 560 U.S. 817 (2010)), 18 U.S.C. § 3582(c)(2) allows modification when: (1) the sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The primary policy statement relevant here provides that a court may reduce a defendant's sentence if "the guideline range *applicable* to that defendant has subsequently been lowered as a result of an amendment to the Guidelines." USSG § 1B1.10(a)(1) (emphasis added). It further provides that "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range." USSG § 1B1.10(2)(A).

Here, the district court's re-sentencing order was erroneous as a matter of law, and therefore an abuse of discretion, because it reduced Gardner's term of imprisonment to a term less than the minimum of the amended guideline range. Gardner argues that his applicable guideline range is the non-career offender powder cocaine guideline. We disagree. The "applicable" guideline range is "the

2

guideline range that corresponds to the offense level and criminal history category determined pursuant to [§] 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." USSG § 1B1.10 cmt. n.1(A). The district court's rejection of the crack/powder disparity on policy grounds, and its rejection of the career offender guidelines' implications to Gardner's case, constituted variances from Gardner's "applicable" range. *See Kimbrough v. United States*, 552 U.S. 85, 111 (2007) (holding that district court's "downward variance" from the guideline range based on a policy disagreement with the crack/powder disparity was not an abuse of discretion); *see also United States v. Henderson*, 649 F.3d 955, 963 (9th Cir. 2011) ("[S]imilar to the crack cocaine Guidelines, district courts may *vary* from the child pornography Guidelines, § 2G2.2, based on policy disagreement with them." (emphasis added)).

Therefore, Gardner's applicable guideline range was the one determined using an offense level of 37, based on the drug quantity guidelines,[1] and a criminal history category of VI, based on Gardner's stipulation that he is a career offender. As the parties agreed at sentencing, this offense level and criminal history category correspond to a guideline range of 360 months to life. Amendment 782 lowers

---

[1] Gardner stipulated in the plea agreement that his base offense level was 36 because his offense involved at least 2.8 but less than 8.4 kilograms or more of crack cocaine. He further stipulated that his adjusted offense level was 37, accounting for his role as an organizer/leader under USSG § 3B1.1(a) and his acceptance of responsibility under USSG § 3E1.1.

Gardner's total offense level to 35, *see* USSG § 2D1.1(c)(3), resulting in a guideline range of 292 to 365 months. The district court originally imposed a sentence of 235 months. Since this sentence was below the minimum of the amended guideline range, Gardner is ineligible for a sentence reduction. *See* USSG § 1B1.10(a)(2)(B); *Ornelas*, 825 F.3d at 550 ("[I]f the defendant's term of imprisonment is less than the minimum of the amended guideline range, then the defendant is ineligible for a sentence reduction.").

We would reach the same result even assuming, as the parties' briefing does, that the relevant drug quantity offense level was the powder cocaine offense level rather than the crack offense level. Gardner stipulated to being a career offender. The guideline range corresponding to his career offender status would then be the "applicable" range because his offense level was higher when calculated using the career offender guidelines than when calculated under the drug quantity tables for powder cocaine. *See* USSG § 4B1.1.[2] Since the career offender guidelines have not subsequently been lowered, Gardner is ineligible for a sentence reduction. *See*

---

[2] Gardner contends that the Government has waived the argument that Gardner is ineligible for a sentence reduction under the "applicable to" prong because the Government did not make this exact argument until its reply brief. However, "it is claims that are deemed waived or forfeited, not arguments." *United States v. Pallares-Galan*, 359 F.3d 1088, 1095 (9th Cir. 2004). The Government argued below and in its opening brief here that Gardner is ineligible for a reduced sentence. And to avoid any prejudice to Gardner, we allowed him to submit a supplemental brief on the "applicable to" issue.

*United States v. Pleasant*, 704 F.3d 808, 811-12 (9th Cir. 2013), *overruled on other grounds by United States v. Davis*, 825 F.3d 1014 (9th Cir. 2016) (en banc).

**REVERSED.**