**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 3 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10488 |
| Plaintiff-Appellee, | D.C. No. 1:02-cr-00010-RVM |
| v. | |
| BERT DOUGLAS MONTGOMERY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the District Court for the
Northern Mariana Islands
Ramona V. Manglona, Chief Judge, Presiding

Submitted November 27, 2018[**]

Before: CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Bert Douglas Montgomery appeals pro se from the district court's order

denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We

have jurisdiction under 28 U.S.C. § 1291. We review de novo whether a district

court had authority to modify a sentence under section 3582(c)(2), *see United*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Montgomery's request for oral argument is, therefore, denied.

*States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009), and we affirm.

In the district court, Montgomery contended that he was eligible for a sentence reduction under Amendment 794 to the Sentencing Guidelines. The district court correctly rejected this claim because U.S.S.G. § 1B1.10(d) does not include Amendment 794 in its list of covered amendments. *See* U.S.S.G. § 1B1.10 cmt. n.1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d)."); *United States v. Ornelas*, 825 F.3d 548, 550 (9th Cir. 2016) (district court has authority to lower a sentence if the defendant's guideline range has been lowered as a result of an amendment listed in section 1B1.10(d)). Montgomery does not challenge this conclusion on appeal. Rather, he renews his argument that the district court lacked jurisdiction over his underlying criminal case, and asserts several new arguments challenging his conviction. Like the district court, we do not reach these arguments because they are not cognizable in section 3582(c)(2) proceedings. *See* *Dillon v. United States*, 560 U.S. 817, 825-826, 831 (2010) (alleged errors unrelated to an amendment that lowers the defendant's guideline range are outside the scope of a section 3582(c)(2) proceeding).

Insofar as Montgomery argues that the district court erred by declining to treat his motion as a 28 U.S.C. § 2241 petition under 28 U.S.C. § 2255(e)'s "escape hatch," we reject that argument. Montgomery failed to show that he met

17-10488

the requirements of the escape hatch. *See Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008). Thus, at most, Montgomery's motion should have been treated as a section 2255 motion, in which event Montgomery was required to obtain a certificate of appealability ("COA") in order to proceed with this appeal. *See Muth v. Fondren*, 676 F.3d 815, 822 (9th Cir. 2012). The district court declined to issue a COA, and we decline to grant one because Montgomery has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Muth*, 676 F.3d at 822-23.

All pending motions are denied.

**AFFIRMED.**