**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 3 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50103 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-01093-DSF |
| v. | |
| ALEJANDRO TINOCO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted November 27, 2018[**]

Before: CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Alejandro Tinoco appeals pro se from the district court's order denying his

motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Tinoco contends that the district court erred by denying his motion for a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

sentence reduction under Amendments 782 and 794 to the Sentencing Guidelines. We review de novo whether a district court had authority to modify a sentence under section 3582(c)(2). *United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009).

Because Tinoco's 240-month sentence is below the amended Guidelines range of 292-365 months, the district court properly concluded that he was ineligible for a reduction under Amendment 782. *See* U.S.S.G. § 1B1.10(b)(2)(A) (district court may not reduce a sentence under section 3582(c)(2) "to a term that is less than the minimum of the amended guideline range"). The district court also correctly denied Tinoco's motion under Amendment 794 because Amendment 794 is not a covered amendment under U.S.S.G. § 1B1.10(d). *See* U.S.S.G. § 1B1.10 cmt. n.1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d)."); *United States v. Ornelas*, 825 F.3d 548, 550 & n.3 (9th Cir. 2016).

In light of Tinoco's ineligibility for a sentence reduction as a result of any qualifying amendment, the district court could not consider his post-sentencing rehabilitation or the 18 U.S.C. § 3553(a) sentencing factors as a basis for granting a reduction. *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

**AFFIRMED.**

18-50103