NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10204 |
| Plaintiff-Appellee, | D.C. No. 1:09-cr-00142-LJO-3 |
| v. | |
| MICHAEL S. IOANE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted January 15, 2019**

Before:    TROTT, TALLMAN, and CALLAHAN, Circuit Judges

Michael S. Ioane appeals pro se from the district court's order denying his

motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ioane contends that the district court erred by denying his motion for a

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

sentence reduction under Amendment 791 to the Sentencing Guidelines, which amended the monetary loss table in U.S.S.G. § 2B1.1(b)(1). We review de novo whether a district court had authority to modify a sentence under section 3582(c)(2). *See United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009). The district court correctly denied Ioane's motion because Amendment 791 is not a covered amendment under U.S.S.G. § 1B1.10(d). *See* U.S.S.G. § 1B1.10 cmt. n.1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d)."); *United States v. Ornelas*, 825 F.3d 548, 550 & n.3 (9th Cir. 2016). Because Ioane is ineligible for a sentence reduction, the district court could not grant a reduction based on his post-sentencing behavior or the 18 U.S.C. § 3553(a) sentencing factors. *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

We do not reach Ioane's other contentions regarding, inter alia, his conviction, initial sentencing, direct appeal, and motion for habeas relief under 28 U.S.C. § 2255, because these arguments are not cognizable in section 3582(c)(2) proceedings. *See Dillon*, 560 U.S. at 825-826, 831 (alleged errors unrelated to an amendment that lowers the defendant's guideline range are outside the scope of a section 3582(c)(2) proceeding).

Ioane's motion for an extension of time to file a reply brief is denied as moot because his reply brief was timely submitted. All other pending motions are

18-10204

denied.

**AFFIRMED.**