**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10431 |
| Plaintiff-Appellee, | D.C. No. 1:09-cr-00024-LJO-1 |
| v. | |
| AMADO MALDONADO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted July 15, 2019[**]

Before:     SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Amado Maldonado appeals pro se from the district court's order denying his

motions for a sentence reduction under 18 U.S.C. § 3582(c)(2) and for relief under

Federal Rule of Civil Procedure 60(b).  We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm in part and dismiss in part.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Maldonado first contends that the district court erred by denying his motion for a sentence reduction under Amendment 794 to the Sentencing Guidelines. We review de novo whether a district court had authority to modify a sentence under section 3582(c)(2). *See United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009). The district court correctly determined that Maldonado is ineligible for a sentence reduction because Amendment 794 is not a covered amendment under U.S.S.G. § 1B1.10(d). *See* U.S.S.G. § 1B1.10 cmt. n.1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d)."); *United States v. Ornelas*, 825 F.3d 548, 550 & n.3 (9th Cir. 2016). We do not reach Maldonado's contentions regarding the district court's alleged errors in calculating the Guidelines range at resentencing because these arguments are not cognizable in a section 3582(c)(2) proceeding. *See Dillon v. United States*, 560 U.S. 817, 825-26, 831 (2010) (alleged errors unrelated to an amendment that lowers the defendant's guideline range are outside the scope of a section 3582(c)(2) proceeding).

Maldonado next contends that the district court erred by denying his Rule 60(b) motion. The district court properly construed Maldonado's purported Rule 60(b) motion as a disguised motion for post-conviction relief under 28 U.S.C. § 2255. *See United States v. Washington*, 653 F.3d 1057, 1065 (9th Cir. 2011). Accordingly, Maldonado requires a certificate of appealability ("COA") to proceed

with this portion of his appeal.  *See* 28 U.S.C. § 2253(c)(1)(B); *Muth v. Fondren*, 676 F.3d 815, 822 (9th Cir. 2012).  We treat Maldonado's briefing as a request for a COA.  *See* 9th Cir. R. 22-1(e).  So treated, the motion is denied because Maldonado has not made a "substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We, therefore, dismiss Maldonado's appeal of the district court's denial of his purported Rule 60(b) motion.  *See Muth*, 676 F.3d at 823.

**AFFIRMED in part; DISMISSED in part.**