**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-15978 |
| Plaintiff-Appellee, | D.C. Nos.  4:17-cv-02885-JST |
| v. | 4:11-cr-00288-JST-1 |
| SUSAN XIAO-PING SU, AKA Susan Su, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted March 3, 2020**

Before:    MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Susan Xiao-Ping Su appeals pro se from the district court's order denying

her motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Su contends that the district court erred by denying her motion for a sentence

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

reduction under Amendments 791 and 792 to the Sentencing Guidelines. We review de novo whether a district court had authority to modify a sentence under section 3582(c)(2). *See United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009). The district court correctly concluded that it lacked authority to reduce Su's sentence under Amendments 791 and 792 because those amendments are not retroactive under U.S.S.G. § 1B1.10(d). *See* U.S.S.G. § 1B1.10 cmt. n.1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d)."); *United States v. Ornelas*, 825 F.3d 548, 550 (9th Cir. 2016). We do not reach Su's additional arguments regarding her counsel's performance, conviction, and underlying sentencing because these claims are not cognizable in a section 3582(c)(2) proceeding. *See Dillon v. United States*, 560 U.S. 817, 826-27, 831 (2010).

We decline to consider Su's claims for relief under the First Step Act of 2018 and U.S.S.G. § 1B1.13(2) because they were not raised before the district court or in her opening brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) (appellate court will not consider issues not properly raised before the district court or in the opening brief).

To the extent Su is seeking reconsideration of this court's prior order denying a certificate of appealability with respect to her claims under 28 U.S.C. § 2255, that request is denied. *See* 9th Cir. R. 27-10(a)(3).

Su's motion for immediate release and all other pending motions are denied.

**AFFIRMED.**